DOWNEY, Judge.
The facts of this case as gleaned from appellant’s brief are that appellant’s predecessor in title leased certain property to appellee’s predecessor in title in 1941. Sometime prior to June 1956, it was determined that the lessee had constructed a building upon the leased property which encroached upon abutting property of the lessor. Accordingly, in 1956 appellant’s predecessor leased to appellee’s predecessor enough additional property to accommodate the encroachment. The lease to said additional property has expired. The parties to this suit are the present fee simple owner, Davis, and the lessee in possession, Atlantic Las Olas, Inc., and its sublessor, Joyner.
Appellant sued appellees to enjoin the further use of the property in question and for damages. Appellees moved to dismiss the complaint on the ground, inter alia, that the cause of action was barred by the three year statute of limitation, § 95.-11(5) (b), F.S.1973. This appeal is taken from a final judgment granting said motion and dismissing the cause. We believe this action of the trial court was premature and that the motion should have been denied.
The trial court granted the motion to dismiss because the three year statute of limitations had run. The judgment relies upon several California cases which hold that the encroachment of a permanent building constitutes a permanent trespass which precipitates the running of the statute of limitations. Without expressing any opinion on the propriety of said rule of law, because we do not reach the merits of the case, it is our view that the pleadings were inadequate to justify the trial court’s ruling. For example, the basis of the holding below is that there has been a permanent trespass, yet the complaint alleges only that “the actual use of the property did not correspond to the description given in paragraph 5 above.” That there is an encroachment and that it is in the form of a permanent building appears only in the briefs. Thus, neither we nor the trial court could tell from the pleadings the nature of the trespass involved, when it ac *804 tually occurred, or who had the right of possession at that time. Thus, the motion to dismiss should have been denied because it is not clear from the face of the complaint that the cause of action is barred.
Upon remand appellant’s complaint should be amended so as to include all of the essential allegations for the relief sought, and appellee should plead his affirmative defenses by answer.
Reversed.
WALDEN, J., and KNOTT, JAMES R., Associate Judge, concur.