306 So.2d 533 (1975)
Mr. and Mrs. Ervin WETZEL et al., Appellants,
v.
A. DUDA & SONS et al., Appellees.
No. 73-1224.
District Court of Appeal of Florida, Fourth District.
January 10, 1975.
Rehearing Denied February 5, 1975.
H.A. Rigdon, Jr., of Hoffman, Hendry, Parker & Smith, Orlando, Jeffrey E. Streitfeld of Becker & Poliakoff, Miami, for appellants.
Benjamin F. Smathers, of Andrews, Smathers, Tepper & Kemp, and Phillip R. Finch of Gray, Adams, Harris & Robinson, Orlando, for appellees.
DOWNEY, Judge.
Appellants, as riparian property owners on Lake Apopka, sued appellees in an eight count complaint. The first four counts prayed for injunctive relief; the remaining four sought damages. The causes of action arose out of appellees' alleged pollution of said lake by discharging noxious chemicals and other substances into the lake from appellees' nearby farming operation. The trial court dismissed the four injunctive counts without leave to amend, on the grounds that primary jurisdiction for abatement of the alleged pollution is lodged with the Florida Air, Water, and Pollution Control Commission and that appellants had failed to exhaust their administrative remedy provided in § 403.412(2)(a), (c), F.S. 1973, known as the Environmental Protection Act. The court dismissed the damages counts with leave to amend "to re-allege those counts to come within the three year statute of limitations". *534 The propriety of said bifurcated order dismissing the complaint is the subject of this review. This is a final appealable order. Mendez v. West Flagler Family Association, Fla. 1974, 303 So.2d 1.
Count I of the complaint charges appellees with creating a nuisance by discharging noxious substances into the lake, thus injuring appellants' riparian rights. Count II charges that appellees had a duty to appellants to conduct their farming operation in such a manner as not to injure appellants, but that they breached said duty and continue to do so unabated. Count III charges appellees with a continuing trespass by polluting the lake. Count IV charges that appellees have committed all of said acts willfully and maliciously without regard for appellants' rights and that they continue to do so.
It appears to us that the cause of action stated in said counts for injunction is not dependent upon the Environmental Protection Act. The right to abate a nuisance, a continuing trespass, and a continuing breach of duty predated the Act, which is legislation of recent vintage that authorizes any citizen of the state to seek injunctive relief against any person to enjoin the violation of any laws, rules or regulations for the protection of the air, water, and other natural resources of the state. It also provides for the allowance of attorney's fees and costs to the party prevailing in any action instituted pursuant to the act. However, before such an action can be maintained the complaining party must, as a condition precedent, first file a complaint with the appropriate administrative agency and afford it an opportunity to take action thereon. Thus, if appellants were suing to enjoin the violation of some specific rule or regulation of the Department of Pollution Control they would be required to exhaust their administrative remedies as required by § 403.412(2)(c), F.S. 1973. However appellants are not asserting a claim under the act; therefore they are not bound by its terms. Appellants are here seeking to maintain an action for a nuisance directly affecting them.
Accordingly, we hold that the trial judge erred in dismissing the first four counts of the complaint for the reasons stated. The dismissal of counts V through VIII with the requirement that appellants "re-allege those counts to come within the three year statute of limitations" was also error. The statute of limitations is an affirmative defense which a defendant may plead or waive. There is no requirement in the rules of civil procedure that a plaintiff must affirmatively plead that he is not barred by the statute of limitations.
For the foregoing reasons, the order appealed from is reversed and the cause is remanded with directions to reinstate the Third Amended Complaint and for further proceedings consistent herewith.
OWEN, C.J., and CROSS, J., concur.