316 So.2d 594 (1975)
Timothy J. MALONEY and Grace Maloney, Appellants,
v.
HEFTLER REALTY COMPANY and Heftler Construction Company of Florida, Appellees.
No. 74-1478.
District Court of Appeal of Florida, Second District.
July 9, 1975.
C.A. Murphy, Naples, for appellants.
Hugh E. Starnes of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellees.
SCHEB, Judge.
The plaintiff Maloney sued the defendant Heftler for damages resulting from an alleged nuisance. On motion, the trial court dismissed Maloney's complaint with prejudice.
*595 The case sub judice is Maloney's third action against Heftler. In his first suit Maloney sought damages for expenses incurred as a result of an alleged failure on the part of Heftler to properly protect Maloney's house, pool and patio from damages occurring from the dust, debris and sand which resulted from its construction of a condominium project on lands adjoining Maloney's property in Naples, Florida. He recovered a judgment for $992.32 in county court on August 1, 1973. On appeal, the circuit court held that punitive damages had been improperly included and reduced the damages to $272.38. That judgment has been satisfied.
In October, 1973, Maloney filed another suit, this time seeking to obtain an injunction against Heftler from construction activities which he contended caused dust pollution to his adjoining property. On final hearing the trial court held that Maloney had an adequate remedy at law and denied the requested injunction.
In July, 1974, in pursuit of his remedy at law, Maloney filed the instant suit seeking recovery of damages which allegedly accrued after filing of the first suit on February 19, 1973. The present appeal was taken from the trial court's order granting Heftler's motion to dismiss this action.
The issue here is whether Maloney's complaint was subject to dismissal on the ground that the prior judgment against Heftler was res judicata. We hold Maloney's prior action was for recovery of damages from a temporary nuisance and, therefore, did not bar recovery in the instant action for damages sustained after the first action was filed. Accordingly, we reverse.
Heftler's motion was based on the grounds that Maloney's suit, being between the same parties and upon the identical cause of action previously adjudicated, was barred by the rule of res judicata which holds that a final judgment on the merits entered by a court of competent jurisdiction is a bar to future action by the plaintiff. RCP 1.110(d), however, specifies that res judicata is an affirmative defense and since entry of the prior judgment was not apparent from the face of Maloney's complaint, it was improper for the court to deny the plaintiff's cause of action on a motion to dismiss. Temples v. Fla. Industrial Const. Co., Fla.App.2d 1975, 310 So.2d 326. Although this case could be disposed of at this stage on this narrow ground, the history of this litigation between the parties cries out for additional guidance for the trial court to the end that the controversy may be finally concluded.
In 66 C.J.S. Nuisances § 140 it is stated:
Where a nuisance is of such a permanent and unabatable character that a single recovery can be had, including the whole damage past and future resulting therefrom, there can be but one recovery; but where the nuisance is abatable and is not a permanent source of injury, as where it is temporary, recurring, or continuing in nature, or is what is called a continuing nuisance, each occurrence, recurrence, or continuance gives rise to a new cause of action and successive actions may be maintained for the damages accruing from time to time.
The parties generally agree on the correctness of the foregoing principle of law, but their views diverge on the character of the alleged nuisance. The final order denying Maloney injunctive relief entered on February 5, 1974, did not characterize the alleged nuisance, it merely held the plaintiff had an adequate remedy at law. The parties theorize as to the effect of that order. On the one hand, Maloney says the order implies the nuisance was a continuing or recurring one, since the court held he had an adequate remedy at law for damages. Heftler, on the other hand, says the trial court's refusal to enjoin the nuisance reflected the court's judgment that the nuisance was non-abatable *596 for which only one action for damages is allowable. On this theory Maloney has had his day in court and has recovered or is presumed to have recovered all damages  past and present  resultant from the alleged nuisance.
We are not inclined to speculate on the trial judge's view as to the character of the alleged nuisance, however, common sense indicates the type of annoyances alleged by the plaintiff should be temporary and incident to a condominium project only during its construction phases. There is no language in the first complaint or judgment which indicates that damages were sought or awarded for a permanent nuisance. Nor does the amount of $272.38 initially awarded bolster the argument that plaintiff was compensated in the original action.
We therefore, hold that Maloney's present complaint states a cause of action for damages accruing subsequent to the time of his original complaint. On oral argument we learned the defendant's condominium project has now been completed. We assume that prior to trial it will be determined that the pleadings in the instant action should cover all damages resultant from the construction of the project.
We have here a classic example of the type of injury likely to occur to a homeowner's property as the character of neighborhoods are changed from residential to either business or high density residential uses. While the careful application of land use zoning and protective building restrictions frequently can alleviate some annoyances of the type the plaintiff complains of in this suit, nevertheless, it is probably inevitable that some annoyances of this type will accrue. We doubt that many condominium project developers would agree that such annoyances constitute a permanent nuisance, therefore, where essential to a proper recovery, an injured party should not be barred from maintaining a successive complaint.
Reversed and remanded to the trial court for further proceedings consistent with this opinion.
McNULTY, C.J., and BOARDMAN, J., concur.