400 So.2d 828 (1981)
AIRPORT SIGN CORPORATION, a Florida Corporation, Appellant,
v.
DADE COUNTY and Richard Judy, Appellees.
No. 80-1500.
District Court of Appeal of Florida, Third District.
July 7, 1981.
Peeples, Earl, Smith, Moore & Blank and Richard M. Goldstein and Paul H. Amundsen, Miami, for appellant.
*829 Robert A. Ginsburg, County Atty. and L.H. Thornton, Asst. County Atty., for appellees.
Before DANIEL S. PEARSON and FERGUSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
FERGUSON, Judge.
Airport Sign Corporation appeals the dismissal with prejudice of its second amended complaint against Dade County and Richard Judy, a county employee.
Sign Corporation maintained an advertising billboard on a small irregular shaped piece of property in Dade County. Eastern Airlines had contracted with Sign Corporation for advertising space on this billboard, but terminated its contract in September, 1978 because the bushes, trees and hedges planted by Dade County on the right-of-way adjacent to Sign Corporation's property in 1973 had grown so that the view of the billboard was now obscured.
Sign Corporation sued Dade County and Judy for damages caused by the shrubbery. Dade County and Judy filed a motion to dismiss the complaint on the ground that the action was barred by the statute of limitations because the only date appearing on the face of the complaint was the date of planting, September 1973. Sign Corporation then filed an amended complaint which, read as a whole, stated facts amounting to an allegation that the contract between Sign Corporation and Eastern Airlines was terminated in September, 1978 because the landscaping of Dade County obstructed the view of the billboard, causing financial loss. The amended complaint was also dismissed on the grounds that the statute of limitations started to run in 1973 and not when the damages were actually sustained in 1978. Sign Corporation then filed a second amended complaint omitting all dates. This third complaint was dismissed with prejudice on the ground that Sign Corporation failed to allege that the acts of Dade County arose within the four year statutory limit.
Until damages are actually incurred, a party cannot state a cause of action and the statute of limitation does not begin to run. Town of Miami Springs v. Lawrence, 102 So.2d 143 (Fla. 1958). See, e.g., Department of Transportation v. Burnette, 384 So.2d 916 (Fla. 1st DCA 1980).
Section 768.28, Florida Statutes (1979), does not create a new cause of action but provides an additional remedy for causes of actions which otherwise exist. See, e.g., Welsh v. Metropolitan Dade County, 366 So.2d 518 (Fla. 3d DCA 1979). There is no requirement that Sign Corporation as owner of the property affirmatively plead that it was not barred by the statute of limitations. Wetzel v. A. Duda & Sons, 306 So.2d 533 (Fla. 4th DCA 1975), cert. denied, 316 So.2d 289 (Fla. 1975).
In ruling on a motion to dismiss, the trial court must confine itself strictly to the allegations within the four corners of the complaint. Pizzi v. Central Bank and Trust Company, 250 So.2d 895 (Fla. 1971); Ecological Science Corp. v. Boca Ciega Sanitary District, 317 So.2d 857 (Fla. 2d DCA 1975); Temples v. Florida Industrial Construction Co., 310 So.2d 326 (Fla. 2d DCA 1975); Whitfield v. Whitfield, 161 So.2d 256 (Fla. 3d DCA 1964).
Under the circumstances of this case, we hold it was error to dismiss the Sign Corporation's second amended complaint with prejudice.
Reversed and remanded for proceedings consistent with this opinion.