PER CURIAM.
Appellant City of Coral Gables, defendant below, and the Bishops, defendants-in-tervenors below, appeal from a final judgment in favor of plaintiff-appellee Puiggros in the latter’s suit contesting the city’s denial of a building permit for a residence on his property.
The facts giving rise to the controversy are fully set forth in a prior appeal in this litigation, City of Coral Gables v. Puiggros, 376 So.2d 281 (Fla. 3d DCA 1979), in which this court reversed a final summary judgment which had been rendered in favor of Puiggros on equitable estoppel grounds, and remanded the case to the trial court, holding that the record below raised certain issues which precluded a finding of equitable estoppel as a matter of law. The issues to be resolved, this court held, were as follows:
(1) whether the structure on Lot 27 which was removed by Puiggros was in fact a part of a building “constructed on a building site containing two or more platted fifty (50) foot lots,” which, under § 8.02 of the city zoning code, prevented a later reduction of that “building site,”
(2) whether the city’s initial decision to grant Puiggros a building permit was based upon a material mistake of fact concerning the existence of the demolished structure on Lots 27 and 28, which would, if known, have justified a different determination as to the applicability of § 8.02, and
(3) whether the city’s initial decision granting the building permit was induced *368 by Puiggros’ own act of withholding information concerning the razing of the former structure — thus, in effect, estop-ping him from claiming the benefit of an estoppel against the city.
Upon remand a comprehensive final judgment was again entered in favor of Puiggros. The trial court held the city equitably estopped to deny Puiggros relief after he purchased the property and later expended funds in reliance upon assurances from the city that a building permit could be issued, and in the alternative, that the pertinent code restriction did not apply to Puiggros’ property or conduct.
We have reviewed the court’s findings of fact and conclusions of law and hold that the three issues the disposition of which justified remand have now been resolved. The court below found, inter alia, that (1) any mistakes which occurred prior to the September 12, 1977 zoning board decision were caused equally by the city, its zoning officials, Puiggros and Puiggros’ neighbors, all of whom were in a more or less equal position to discover the truth; (2) the relevant zoning provision does not clearly apply to the specific facts of this case; (3) the city’s original grant of the building permit could not be attributed solely to Puiggros’ conduct, but equally to the conduct of its own representatives, and finally; (4) Puig-gros relied to his detriment in acting upon the city’s assurances and decisions, and the city was equitably estopped from changing its position and seeking to withdraw the previously-granted permit.
We have carefully considered these conclusions and find “that they satisfy the doubts expressed in our prior decision. Other issues raised by the appellants need not be reached because, as was stated in our prior decision, judgment for Puiggros is justified on equitable estoppel grounds. Accordingly, the final judgment is
AFFIRMED.