425 So.2d 646 (1983)
Norman DUNNELL and Bessie Lee Dunnell, Individually and As Husband and Wife, Appellants,
v.
MALONE AND HYDE, INC., a Foreign Corporation, Appellee.
No. 82-643.
District Court of Appeal of Florida, Third District.
January 25, 1983.
*647 Virgin, Whittle & Garbis and Gary E. Garbis, Miami, for appellants.
Batchelor, Brodnax, Guthrie, Armstrong & Freyer and William G. Burd, Miami, for appellee.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
HENDRY, Judge.
The plaintiffs appeal the trial court's order dismissing with prejudice their amended complaint, for failure to state a cause of action.
The amended complaint, in essence, alleged that on December 9, 1980, the plaintiff, Norman Dunnell, while working for Robbins Warehouse was required in the course of his work to make deliveries to various companies. While making delivery of merchandise on said date to the defendant/appellee Malone and Hyde, Inc., at its place of business in Dade County, Florida, the plaintiff requested from defendant suitable equipment for moving of merchandise from his truck onto the premises of the defendant since the plaintiff had no other means available to unload the merchandise.
It was further alleged that the defendant owed the plaintiff the duty of providing him with sufficient and safe equipment with which he could unload his truck and deliver defendant's merchandise at its premises and that the defendant breached that duty by refusing to furnish the plaintiff with suitable or sufficient equipment to perform his job when it was known or should have been known to the defendant that the merchandise plaintiff was delivering was of such weight that suitable means in the form of equipment would be required for its removal from the truck to defendant's facility. The defendant, however, denied the plaintiff's request for an electronic *648 jack to aid him in unloading his truck, although one was readily available and in good working order. Finally, it was alleged that after this refusal, plaintiff's required performance of his task with the inadequate equipment made available was the proximate or contributing cause of the injuries sustained by the plaintiff.
The defendant made a motion to dismiss the amended complaint for failure to state a cause of action, which motion was granted, with prejudice. It is from this order that plaintiffs have appealed. The sole question to be determined on appeal is whether the trial court was correct in dismissing with prejudice the amended complaint. We hold that the trial court erred in granting the motion to dismiss, and reverse.
Under our rules of procedure,[1] when a court is considering the validity of plaintiff's complaint upon the filing by the defendant of a motion to dismiss on the grounds of failure to state a cause of action, the court must "confine itself strictly to the allegations within the four corners of the complaint." Pizzi v. Central Bank and Trust Company, 250 So.2d 895, 897 (Fla. 1971); Airport Sign Corp. v. Dade County, 400 So.2d 828 (Fla. 3d DCA 1981), and cases cited. For the purpose of this consideration, the court also must accept as true the allegations of fact contained in the complaint, Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881 (Fla. 1972), and the court is without authority to speculate as to what the true facts may be or what facts will ultimately be proved in the trial of the cause. Furthermore, a motion to dismiss may not act as a substitute for a motion for summary judgment. Temples v. Florida Industrial Construction Co., Inc., 310 So.2d 326 (Fla. 2d DCA 1975).
These same limitations circumscribe the consideration of an appellate court in reviewing the trial court's ruling on the validity of the complaint as against such motion to dismiss. What the proofs may ultimately show is not a question in the proceedings before us, nor was it a proper question to be considered by the trial court. The sole issue is and was whether the amended complaint contained sufficient allegations of ultimate fact to state a cause of action affording relief, if ultimately proved.
From our consideration of the amended complaint, we have concluded that it complies with the Rules of Civil Procedure and sufficiently states a cause of action. Accordingly, the order appealed is reversed and the cause remanded for proceedings not inconsistent with this opinion.
Reversed and remanded.
NOTES
[1] See Fla.R.Civ.P. 1.110.