426 So.2d 1165 (1983)
CALUSA GOLF, INC., Appellant,
v.
DADE COUNTY, Appellee.
No. 82-1317.
District Court of Appeal of Florida, Third District.
February 8, 1983.
*1166 John G. Fletcher, South Miami, for appellant.
Robert A. Ginsburg, County Atty., and Eileen B. Mehta, Asst. County Atty., for appellee.
Before HENDRY, BARKDULL and NESBITT, JJ.
HENDRY, Judge.
Appellant Calusa challenges an order of the trial court dismissing its amended complaint seeking relief based on equitable estoppel in connection with a rezoning application.
Calusa's initial complaint filed in October, 1981 sought declaratory relief regarding a restriction placed on a portion of its property by its predecessor in title and recorded in the public records in 1968. The restriction in question limited the use of the described property to a golf course unless released by the Board of County Commissioners with the consent of 75 percent of the members of the corporation owning the property and 75 percent of the property owners within 150 feet of the exterior boundaries of the property. Calusa's previous application for rezoning of part of the land for residential use was denied by the County without a hearing because it failed to submit the requisite consents of the property owners.
In granting judgment on the pleadings for the County, the trial court ruled that the restriction on its face required Calusa to obtain the consent of property owners within 150 feet of the exterior boundaries of the property described in the restriction prior to obtaining a release or revision of the restriction, contrary to Calusa's assertion that it need not submit such consents since it owned all the property within 150 feet of the particular parcel to be rezoned. The court's order also granted Calusa leave to amend its complaint to allege equitable estoppel.
Calusa's amended complaint recited that in 1977, prior to its purchase of the property, the County Commission released a portion *1167 of the property from the restriction by rezoning it. Calusa also alleged that the County's position with respect to approval of adjacent property owners, as set forth in an attached letter written in 1977 by an assistant county attorney, was that only the consent of property owners within 150 feet of the property to be released was required, and that the County, having altered the original understanding of the restriction, was estopped to reassert it, Calusa having relied to its detriment on the County's actions. The County moved for dismissal and the court granted the motion, dismissing the amended complaint without prejudice. This appeal followed. We hold that the court properly granted the motion to dismiss and affirm.
Equitable estoppel is to be applied against the state only in rare instances and under exceptional circumstances. State Department of Revenue v. Anderson, 403 So.2d 397 (Fla. 1981). To sustain a claim of estoppel against the state or one of its subdivisions, there must be (1) a representation as to some material fact by the party estopped to the party claiming estoppel; (2) reliance upon the representation by the party claiming estoppel; and (3) a change in such party's position caused by his reliance on the representation to his detriment. Department of Revenue v. Hobbs, 368 So.2d 367 (Fla. 1st DCA), appeal dismissed, 378 So.2d 345 (Fla. 1979). Furthermore, the act on which the aggrieved party relied must be one on which he had a right to rely. City of Coral Springs v. Broward County, 387 So.2d 389 (Fla. 4th DCA 1980); Greenhut Construction Co. v. Henry A. Knott, Inc., 247 So.2d 517 (Fla. 1st DCA 1971).
Restricting our review solely to the four corners of the complaint as the trial court was so restricted, Pizzi v. Central Bank and Trust Co., 250 So.2d 895, 897 (Fla. 1971); Dunnell v. Malone and Hyde, Inc., 425 So.2d 646 (Fla. 3d DCA 1983); Airport Sign Corp. v. Dade County, 400 So.2d 828 (Fla. 3d DCA 1981), and accepting as true all the allegations of fact therein, Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881 (Fla. 1972), we nevertheless conclude that the amended complaint failed to state a cause of action in that the facts, as alleged, do not give rise to an estoppel against the County. The basis for our holding is that: (1) Calusa, as a stranger to the transaction upon which the alleged estoppel arises, could not rely on representations made to third parties, Department of Revenue v. Hobbs, supra; cf. City of Coral Gables v. Puiggros, 418 So.2d 367 (Fla. 3d DCA 1982) (city held equitably estopped to deny homeowner relief where he purchased property and expended funds in reliance upon assurances from the city to him personally that a permit could be issued), and (2) the act upon which Calusa sought to rely was a transaction involving a prior owner and a different parcel of land from that which it attempted to rezone, see generally Jones v. First Virginia Mortgage and Real Estate Investment Trust, 399 So.2d 1068 (Fla. 2d DCA 1981).
Accordingly, the dismissal of appellant's complaint is affirmed.
AFFIRMED.