426 So.2d 1152 (1983)
Charite EMILE, Appellant,
v.
FLORIDA POWER & LIGHT COMPANY, Appellee.
No. 82-545.
District Court of Appeal of Florida, Third District.
February 8, 1983.
Keyfetz, Poses & Halpern and Russell B. Karr and Barry Keyfetz, Miami, for appellant.
Aimee D. Stein, Miami, for appellee.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
HENDRY, Judge.
The order dismissing appellant's amended complaint for failure to state a cause of action is reversed and the action reinstated.
In ruling on a motion to dismiss, the trial court is confined to the allegations within the four corners of the complaint, Pizzi v. Central Bank and Trust Co., 250 So.2d 895, 897 (Fla. 1971); Airport Sign Corp. v. Dade County, 400 So.2d 828 (Fla. 3d DCA 1981), and cases cited, must accept these allegations as true, Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881 (Fla. 1972), and may not speculate as to what the true facts may be or what facts may ultimately be proved in the trial of the cause. Dunnell v. Malone and Hyde, Inc., 425 So.2d 646 (Fla. 3d DCA 1983).
We conclude that the amended complaint contained sufficient allegations of fact which, if ultimately proved, stated a cause of action affording relief. The amended complaint, sounding in negligence, properly alleged that the appellee, Florida Power & Light, knew or should have known that appellant would be unaware of the *1153 return of electrical service to his restaurant since FP & L had previously notified him of the power shut-off for failure to pay the delinquent bill for electrical service and then reconnected the wires without warning him of the power return, and that as a direct and proximate result of FP & L's negligence a fire causing extensive damage to appellant's restaurant occurred. See Simon v. Tampa Electric Co., 202 So.2d 209 (Fla. 2d DCA 1967); Ahearn v. Florida Power and Light Co., 129 So.2d 457 (Fla. 2d DCA), cert. denied, 135 So.2d 741 (Fla. 1961); cf. White v. Orlando Utilities Commission, 156 So.2d 879 (Fla. 2d DCA 1963).
Without passing on the merits of appellant's claim, we hold that the complaint stated a valid cause of action. Accordingly, the amended complaint is reinstated and the cause remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.