## BURGESS v. THE CODE ENFORCEMENT BOARD OF LAKE COUNTY, FLORIDA

Case No. 84-1

Fifth Judicial Circuit, Lake County

April 23, 1985

### APPEARANCES OF COUNSEL

**P. C. Gorman** for appellant.

**Jackson Brownlee** for appellant.

**Sanford A. Minkoff** for appellee.

### OPINION OF THE COURT

WILLIAM T. SWIGERT, Circuit Judge.

The nature of this appeal is the Order of the Lake County Code Enforcement Board, hereinafter called "Board", requiring the Appellant, Ruth N. Burgess, hereinafter called "Burgess" to remove a portion of a family room built within the five foot setback requirements provided for by the Lake County Zoning Ordinances.

The record shows that Burgess and her then husband, who was a

building contractor, began constructing a home on their property in Lake County, which is the subject matter of this proceeding, in early 1979. In March of that year the Board received a letter from Burgess' adjacent neighbor, Brewer, concerning the legalities of a wall-type fence being constructed very close to Brewer's property line. The Board of Zoning Appeal in September of 1978 previously determined that a structure such as one being constructed on the Burgess property was a fence and could be placed directly on the boundary line without violating the Zoning Ordinances.

The structure which Brewer complained of in 1979 was a patio type structure consisting of a floor and a partial roof overhang from the back door of the residence, which was supported by columns. This construction was approved by the County Building Department, which proceeded pursuant to a duly authorized permit.

At various times, both before and after the construction of the residence, the Burgesses negotiated with the Brewers for the purchase of additional property, which negotiations were not culminated.

Subsequent to building the wall-type fence, the Burgesses were divorced and Mrs. Burgess received the property.

Sometime in 1983, and without seeking a building permit, Burgess removed the columns supporting the roof of the patio-type portion of her home and constructed solid walls, enclosing the same to form a room, and placed a full roof thereon.

Inspection of the property by the County Building Inspector verified that "an addition had been added without a permit," which was only three feet from the property line.

Burgess was notified that she was in violation of the County Zoning Ordinance prohibiting a structure within the applicable five foot setback line and prohibiting any construction or addition without a building permit. The Board recommended that Burgess be found in violation of the two provisions of the Ordinance and be granted until April 1st of 1984 to comply by meeting setback requirements, failing which a fine of $25.00 per day would be imposed thereafter.

At the hearing it was established that there was no encroachment on the Brewer property and a real estate broker testified that the construction within the setback area did not diminish the value of other adjacent properties. It was stipulated that it would be expensive to remove the entire structure lying within the encroachment area.

It is from the determination of the Code violation and the Order of the Board that Burgess appeals.

Essentially Appellant asserts two arguments. (1) That the Board is estopped to enforce the setback restriction as against Burgess; and (2) the Board or this Court should balance the conveniences between the parties in determining whether to order the encroachment removed, because the actual encroachment within the setback is not substantial and removal will result in only a slight benefit.

It is clear that the scope of review by the Circuit Court of administrative action is limited to determination of three matters. First, whether the County acted within its jurisdiction. Second, whether it departed from the essential requirements of law. Third, whether its decision was supported by substantial, competent evidence. *Florida Companies v. Orange County*, 411 So.2d 1008 (Fla. 5th DCA 1982); *Dade County v. Gayer*, 388 So.2d 1296 (Fla. 3rd DCA 1980); *United States Casualty Company v. Maryland Casualty Company*, 55 So.2d 741 (Fla. 1951). Equitable estoppel is applicable to a County only in rare instances and exceptional circumstances. There must have been a representation as to some material fact to Burgess by the County upon which Burgess relied and changed her position to her detriment. *Carlos Estates, Inc. v. Dade County*, 426 So.2d 1165 (Fla. 3rd DCA 1983).

In the instant case Burgess failed to obtain a building permit. She erected the room without seeking permission or authority from any governmental agency. The wrongful act of Burgess in constructing a room addition without obtaining a permit prohibits her from relying upon the doctrine of equitable estoppel. Expenses she has incurred cannot be blamed on reliance on acts by the County. Although expenses will be incurred in the removal of that portion of the room within the 5 foot setback, Burgess can blame no one but herself. To hold otherwise would render ineffectual the Board's power to enforce the County Ordinances. It would nullify any "teeth" set forth in the Ordinances.

This Court finds that the Board was acting within its jurisdiction, applied the applicable law, and its decision is clearly supported by substantial, competent evidence.

The Board's Order is, therefore, affirmed.

Concur: Angel

Dissent: Lockett, without opinion.