ON MOTION FOR REHEARING
PER CURIAM.
This is an appeal from a summary judgment entered in favor of defendant, A-l Ace Moving and Storage Company. The issue on appeal is whether A-l Ace was a carrier to whom the Carriage of Goods by Sea Act, 46 U.S.C. §§ 1300-1315 (1982) (COGSA), applied to limit liability.
As defined by 46 U.S.C. § 1301(a) the “term ‘carrier’ includes the owner or the charterer who enters into a contract of carriage with a shipper.” The Act is clearly phrased to impose obligations on, and grant immunities to, the carrier. It does not apply to limit the liability of agents of the carrier. Robert C. Herd & Co. v. Krawill Mach. Corp., 359 U.S. 297, 79 S.Ct. 766, 3 L.Ed.2d 820 (1959).
The parties to a bill of lading, however, may agree to extend the provisions of COGSA to limit the liability of third parties. In such cases the contracting parties’ intent to extend the provisions must be clearly expressed. B. Elliot (Canada) Ltd. v. John T. Clark & Son, 704 F.2d 1305 (4th Cir.1983); La Salle Mach. Tool, Inc. v. Maher Terminals, Inc., 611 F.2d 56 (4th Cir.1979). Moreover, “contracts purporting to grant immunity from, or limitation of, liability must be strictly construed and limited to intended beneficiaries....” Herd, 359 U.S. at 305, 79 S.Ct. at 771.
Here, the contract of carriage was the bill of lading. The parties to the contract were the shipper, William Scearce, and the forwarding agent/carrier, Ivory Forwarding, Inc. It is undisputed that A-l Ace was not a party to the contract. Although the contract between Scearce and Ivory Forwarding incorporated COGSA and clearly expressed the time period during which the provisions of COGSA were to govern, the contract was ambiguous as to which parties were entitled to benefit from the liability-limiting provisions of COGSA.
Because a genuine issue of material fact exists as to whether A-l Ace was an intended third-party beneficiary of the contract between Scearce and Ivory Forwarding, summary judgment should not have been granted. See Moore v. Morris, 475 So.2d 666, 668 (Fla.1985).
Reversed and remanded for consistent proceedings.