FERGUSON, Judge
(dissenting).
In its third party action against Chicago Title Insurance and Mr. Isis, the law firm alleged:
6. That defendants, CHICAGO TITLE INSURANCE COMPANY and HERMAN ISIS should have reasonably for-seen that the mortgagee’s title insurance policy ... would be relied upon by T. WILLARD INVESTMENTS, INC., and its attorneys, GOLDBERG, SEMET, LICKSTEIN & MORGENSTERN, P.A., ... in foreclosing the FASHIK mortgage ... and knew or should have known that a mortgagee’s title insurance policy is the beginning of title evidence required in ascertaining the status of title in a mortgage foreclosure proceeding.
I respectfully disagree with two key points in the majority’s reasoning: (1) that GSLM & B, as a matter of law, is not a third party which the abstracter should have reasonably expected to rely on the abstract, and (2) that the party relying on the abstract must have been in privity with the abstracter “at the time of the transaction for which the policy was prepared.”
*46 As to the first point, the Supreme Court of Florida has held:
[W]hen an abstract is prepared in the knowledge or under conditions in which an abstracter should reasonably expect that the employer is to provide it to third persons for purposes of inducing those persons to rely on the abstract as evidence of title, the abstracter’s contractual duty to perform the service skillfully and diligently runs to the benefit of such known third parties.
First Am. Title Ins. Co. v. First Title Serv. Co., 457 So.2d 467, 472 (Fla.1984). The question of whether GSLM & B is a third party to whom the abstracter has a contractual duty under First American Title Insurance Co. is a factual one, and it should not have been resolved by a dismissal of the complaint.[1] For the purpose of the motion to dismiss, the allegation that the title insurer should have reasonably expected reliance upon the policy by the purchaser’s attorney must be accepted as true. Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881 (Fla.1972); Emile v. Florida Power & Light Co., 426 So.2d 1152 (Fla. 3d DCA 1983).
The majority’s second point finds no support in First American Title Insurance Co., the case upon which it relies. In limiting the scope of liability, the supreme court held that “a party into whose hands the abstract falls in connection with a subsequent transaction is not among those to whom the abstracter owes a duty.” What constitutes a “subsequent transaction” is not fully discussed. Chicago Title issued a policy to T. Willard with knowledge, reasonably, that it would be relied upon by T. Willard through its attorney. GSLM & B’s indemnification claim is based on and arises out of the original transaction wherein Chicago Title, allegedly, negligently prepared an abstract of title for GSLM & B’s client. Here the abstract has not fallen into the hands of a different party in connection with a later, unrelated transaction.
As a consequence of the majority holding, GSLM & B could be ultimately liable for the title insurer’s negligence even though GSLM & B, as the insured’s attorney, reasonably relied upon a policy purchased from the insurer by its client. First American Title Insurance Co. does not mandate that result.

. Appellant contends that it should reasonably have been expected to rely on the abstract. For the purpose of this action, I interpret the allegation as a claim for "intended third-party beneficiary" status. Whether a party has such status is a question of fact. See Scearce v. O.M. Wilson Moving & Storage, Inc., 516 So.2d 278 (Fla. 3d DCA 1987).