# TIGER BAY CONDOMINIUM ASSOCIATION, et al. v CARRILLO and CITY OF MIAMI

## Case No. 88-226AP

Eleventh Judicial Circuit, Dade County

May 18, 1989

### APPEARANCES OF COUNSEL

Robert V. Fitzsimmons, of Robert V. Fitzsimmons, P.A., for appellant.

John G. Fletcher, for appellee, Hernando A. Carillo.

Jorge L. Fernandez, City Attorney and G. Miriam Maer, Assistant City Attorney, for appellee, City of Miami.

Before KORNBLUM, MOREN, KAHN, JJ.

### OPINION OF THE COURT

PER CURIAM.

We reverse the decision of the City of Miami (City) granting a permit allowing the use of valet parking to meet the minimum parking requirements for an office building when the valet parking spaces cannot be used without driving through other parking space.

The appeal of the City's granting the permit raised three issues. The third was abandoned at oral argument. The second is without merit because the City's action is fairly debatable and this court therefore has neither the right nor the authority to substitute its judgment for that of the City. *City of Miami Beach v Wiesen,* 86 So.2d 442 (Fla. 1956).

The issue that does have merit, and on which basis we reverse, questions the approval of a Class B permit allowing valet parking in meeting the minimum parking requirements for a planned office building. On that date valet parking permitted less parking area for the size of the contemplated structure because valet parking spaces could block one another, a parking attendant being available to jockey cars around as necessary. A Class B permit can be granted administratively if the applicant meets the criteria of the City Code, and the permit was in fact issued on 12/24/87, a year after the application was filed.

Why it took a year to process the application, we needn't speculate, because the day after the application was filed the City passed on first reading Ordinance No. 10193. That ordinance was passed and adopted by final reading on 12/11/86, and pursuant to Section 6(f) of the City Charter went into effect thirty days later (1/10/87).

Ordinance No. 10193 amended Section 2017.1 of the City Code relating to offstreet parking, and among other provisions, eliminated the valet parking exception to the requirement that parking spaces " . . . be so arranged that any automobile may be parked or unparked without moving another." Since the proposed office building met the City's parking requirements only by utilizing blocked spaces, the Class B permit application should not have been granted because the proposal failed to comply with the City's requirements as amended on 1/10/87.

At the time the application was filed, the City had no Code provision grandfathering in a pending application. Also, absent a claim of equitable estoppel, no vested right to a permit is created by the filing of an application that meets requirements when filed, but does not do so before the permit is issued due to an interim ordinance change. *City of Boynton Beach v Carroll,* 272 So.2d 171 (Fla. 4 DCA 1973).

As stated in *Calusa v Dade County,* 426 So.2d 1165 (Fla. 3 DCA 1983):

Equitable estoppel is to be applied against the state only in rare instances and under exceptional circumstances. (citation omitted) To sustain a claim of estoppel against the state or one of its subdivisions, there must be (1) a representation as to some material fact by

the party estopped to the party claiming estoppel; (2) reliance upon the representation by the party claiming estoppel; and (3) a change in such party's position caused by his reliance on the representation to his detriment.

The applicant does not meet those requirements.

Ordinance No. 10313 did establish grandfathering provisions for applications pending when ordinances are changed. Those provisions allow a "complete application" to be processed either entirely under the pre-change provisions or entirely under the provisions as modified. Unfortunately for the applicant, Ordinance No. 10313 became effective 8/22/87 (thirty days after final reading on 7/23/87), too late to be of help.

Although Ordinance No. 10313 states in Section 2 that its effective date shall be retroactive to January 1, 1987, that provision is invalid. Section 6(f) of the City Charter states:

No measure shall go into effect until thirty days after its passage unless it be declared in such ordinance to be an emergency measure on the ground of urgent public need for the preservation of peace, health, safety, or property . . .

Ordinance No. 10313 contains no such declaration.

Even if Ordinance No.10313 were applicable, there was no "complete application" as that term is defined in the same ordinance. The definition includes the proviso that the application be reviewed and signed by the Zoning Administrator. Here the application was not so signed until well after the modification of parking requirements was in effect. While it is conceivable that the Zoning Administrator could intentionally frustrate an applicant by merely refusing to sign the application, there are adequate remedies for such conduct, and there is no indication whatever that that was the case here.

The appellee suggests that the requirement that the Zoning Administrator review and sign the application is not really part of the definition. That argument might have merit but for the fact that the ordinance modifies Section 3602 of the City Code which sets forth specific definitions, to include the definition of "Application, Complete." It is there that the language appears, and it can be construed only to mean what it says.