464 So.2d 1271 (1985)
CALUSA GOLF, INC., Appellant,
v.
Lizabeth CARLSON and Curtis Carlson, Appellees.
No. 85-91.
District Court of Appeal of Florida, Third District.
February 26, 1985.
Rehearing Denied April 1, 1985.
John G. Fletcher, South Miami, for appellant.
Richard & Richard and Dennis Richard, Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
PER CURIAM.
Finding that the trial court abused its discretion, we reverse the court's order granting a preliminary injunction. The court enjoined appellant from constructing a fence around the Calusa golf course located on appellant's property.
In Fountainebleau Hotel Corp. v. Forty-Five Twenty-Five, Inc., 114 So.2d 357, 359 (Fla. 3d DCA 1959), cert. denied, 117 So.2d 842 (Fla. 1960), the court stated:
[W]here a structure serves a useful and beneficial purpose, it does not give rise to a cause of action, either for damages or for an injunction under the maxim sic utere tuo ut alienum non laedas, even though it causes injury to another by cutting off the light and air and interfering with the view that would otherwise be available over adjoining land in its natural state, regardless of the fact that the structure may have been erected partly for spite. (citations omitted)
The record discloses that the fence would serve a useful purpose by protecting the golf course from trespass and vandalism. Thus, even though a spiteful purpose may have partially motivated the construction of the fence, an injunction is inappropriate under the facts of this case, and its issuance constituted an abuse of the trial court's discretion. See Fountainebleau Hotel Corp. Cf. Larkin v. Tsavaris, 85 So.2d 731 (Fla. 1956) (chancellor did not abuse his discretion in ordering reduction in height of log fence which served no reasonable purpose but to annoy adjoining landowner).
Reversed and remanded.