487 So.2d 1114 (1986)
Frank J. SOCKOLOF and Sally Sockolof, His Wife, Appellants,
v.
EDEN POINT NORTH CONDOMINIUM ASSOCIATION, INC., Appellee.
Nos. 85-1320, 85-1609.
District Court of Appeal of Florida, Third District.
April 8, 1986.
Rehearing Denied May 20, 1986.
Pardo & Pardo and Joseph Pardo, Miami, for appellants.
Siegfried, Kipnis & Rivera and Helio De La Torre, Coral Gables, for appellee.
Before BASKIN, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Agreeing with the findings of the trial court, we affirm the Final Judgment.[*] The Final Judgment states in pertinent part:
4. MR. & MRS. SOCKOLOFF have failed to meet their burden of proof to establish by substantial, competent evidence that the ASSOCIATION meeting held November 10, 1982, and the vote resulting therefrom, was improper or illegal.

*1115 5. The expansion of the pool deck and movement of the fence serves useful and beneficial purposes, pretermitting relief in favor of Plaintiffs. Calusa Golf, Inc. v. [Carlson, 464 So.2d 1271 (Fla. 3d DCA 1985)].
6. MR. & MRS. SOCKOLOFF failed to take prompt action to preserve the status quo and otherwise failed to timely seek judicial relief. Although MR. & MRS. SOCKOLOFF were on notice as early as March 15, 1982 that the fence would be moved, this action was instituted after the fence was moved and temporary injunctive relief was not sought.
7. After considering the equities in this action and after balancing the competing interests of the parties, the Court concludes that the ASSOCIATION's interests in having the fence and pool deck remain in their current location outweighs any asserted interests that MR. & MRS. SOCKOLOFF may have had with respect to the garden area.
These findings are supported by the evidence.
As to the award of attorney's fees and costs, our review of the record reveals that the amount awarded was calculated in accordance with the lodestar approach enunciated in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). We recognize that the lengthy court proceedings involved in this case created a disparity between the relief sought and the amount of attorney's fees incurred. Nevertheless, the legislature has designated the courts as the appropriate forum for litigating disputes between unit owners and condominium associations, see Tower Forty-One Association v. Levitt, 426 So.2d 1290, 1291 (Fla. 3d DCA 1983) (Jorgenson, J., specially concurring); large attorney's fees result from extensive litigation. Because we find that the award of attorney's fees fell within the parameters of the expert testimony, we affirm the Judgment for Attorney's Fees and Costs.
Affirmed.
NOTES
[*] We do not agree with the trial court that the developer was an indispensable party, but our decision on this point does not affect our disposition of the cause.