PER CURIAM.
The feud between these parties has been raging for years. In 1983 we held that Calusa Golf, Inc. could not, on estoppel grounds, extinguish a restrictive covenant by circumventing the covenant’s requirement for the consent of seventy-five percent of the adjacent property owners. Calusa Golf, Inc. v. Dade County, 426 So.2d 1165 (Fla. 3d DCA 1983).
Two years later, in an appeal from an order granting a preliminary injunction, we held that even though the construction of a fence may have been partially motivated by spite, the adjacent property owners could not seek to enjoin the construction where the evidence showed that the fence would serve the useful purpose of protecting the golf course from trespass and vandalism. Calusa Golf, Inc. v. Carlson, 464 So.2d 1271 (Fla. 3d DCA), rev. denied, 476 So.2d 673 (Fla.1985).
This appeal is from a summary judgment entered for Calusa in appellant’s action for a preliminary injunction, based on a finding that no issue was presented on the material fact that the fence served a useful purpose. That finding being correct, Calusa was entitled to a judgment as a matter of law. See Johnson v. Gulf Life Insurance Co., 429 So.2d 744 (Fla. 3d DCA 1983); Proprietors Insurance Co. v. Siegel, 410 So.2d 993 (Fla. 3d DCA 1982). We are not persuaded by appellants’ , argument that “spite” raises a state of mind question for a jury which could totally negate the otherwise undisputed evidence that the fence served a useful purpose. See Calusa Golf, 464 So.2d at 1271; Fontainebleau Hotel Corp. v. Forty-Five Twenty-Five, Inc., 114 So.2d 357, *462 359-60 (Fla. 3d DCA 1959), cert. denied, 117 So.2d 842 (Fla.1960).
Affirmed.