BLOOM, PHILIP, Associate Judge.
Unfortunately, every so often a human relationship blows out of all practical and legal proportion. Hindsight, the use of a key to an apartment, $191.33, twelve days of jury trial and awards totaling $87,375 in legal fees to one side, indicate this to be such a ease. The ultimate questions in this court are of the propriety of the jury proceedings and entitlement and amount of attorneys’ fees. The matters below concern Mildred Jaye, an owner of a cooperative apartment operated by Royal Saxon, Inc., a cooperative association. To put it mildly, the “landlord” and the “tenant” did not get along at all. They were like oil and water; they did not mix. Initially, Royal Saxon filed suit in 1979 for injunctive relief against Jaye, a unit owner, for enforcement of specific rules and regulations of the cooperative association. The association alleged that Jaye should be compelled to turn over a key to her unit, based on an alleged irrevocable right of access granted to the association, and that she should be enjoined from dressing inappropriately in the lobby, utilizing the wrong access to the pool, and bringing her bicycle up to her unit. Jaye denied the allegations and counterclaimed for declaratory and injunctive relief and damages, alleging that Royal Saxon breached its fiduciary duty and selectively and unequally enforced the rules and regulations of the association as against her.
In 1981, while the 1979 case was still pending, Royal Saxon initiated an assessment for improvements which Jaye challenged as being improper. Rather than accepting Jaye’s payment “in protest,” Royal Saxon filed an action in 1982 to evict Jaye. Jaye defended and counterclaimed for retaliatory eviction, breach of fiduciary duty, mismanagement of the cooperative, and selective and unequal enforcement of the rules and regulations, the by-laws and the proprietary lease of the cooperative.
In March of 1984, the 1979 “key case” and the 1982 “eviction case” were consolidated for trial. A twelve-day jury trial was held. A full transcript of the testimony was not included in the record on appeal here, only opening statements and a portion of the jury verdict were included in these proceedings.
While the trial court entered a directed verdict in favor of Jaye in the “key case,” on other aspects of the case, the jury entered inconsistent verdicts. The trial court resolved those proceedings and declared Jaye to be the prevailing party in the litigation. See Pappert v. Mobilinium Associates V., 512 So.2d 1096 (Fla. 4th DCA 1987). After hearing the matter of attorneys’ fees, the trial court awarded Jaye’s attorneys in the “key case” $33,250; and in the “assessment case,” $54,125, for a total of $87,375. While it may appear that there is a disparity between the amount of the fees and the relief sought involving a house key, an assessment of $191.33 and improper attire, nevertheless, the prevailing party did not bring the litigations. The fees were determined by the trial court to be appropriate. See Sockolof v. Eden Point North Condominium Ass’n, 487 So. 2d 1114 (Fla. 3d DCA 1986).
The court below painstakingly supervised the inordinately long war between the litigants, and no useful purpose would be served here by renewing the battles between them. Far too much judicial time and effort have been expended in these proceedings, and the trial court is to be *1048 commended for trying to make sense out of chaos.
Upon a review of the entire record, we find that there is no abuse of discretion by the trial judge. Accordingly, the Judgment and Order of June 10, 1985, and the Judgment of November 18, 1985, entered by the court below are hereby affirmed.
With respect to attorneys’ fees in this court, the same are denied in all respects.
GLICKSTEIN and STONE, JJ., concur.