BASKIN, Judge.
Appellants challenge a Final Judgment of Foreclosure entered against property they pledged as security for their son’s appearance on criminal charges. They contend that the entry of summary judgment was error because the bonding company failed to file the full statement required by section 903.14, Florida Statutes (1979),[1] setting forth the amount of its bond and the source *945 of the security. Counsel for appellants admits that his predecessor failed to present the issue either by affirmative defense or during the hearing which preceded the entry of summary judgment. He contends, nevertheless, that the trial court should have reopened the case after summary judgment had been entered because appellants’ new counsel wished to raise the lack of compliance with section 903.14 as “additional evidence.” We disagree.
A party may not defeat an entered summary judgment by altering previously filed pleadings, see generally Inman v. Club on Sailboat Bay, Inc., 342 So.2d 1069 (Fla. 3d DCA 1977), especially when the matters it seeks to present by amendment were available prior to the entry of summary judgment. Appellants’ failure to support their motion for rehearing by furnishing the court with the statement alleged to be violative of section 903.14 and to assert their affirmative defense prior to the entry of summary judgment precludes them from raising the issue on appeal. Incomplete compliance with section 903.14 does not defeat the court’s jurisdiction; the defense of failure to comply with the statutory condition must be asserted or the condition is waived. See Dober v. Worrell, 401 So.2d 1322 (Fla.1981); Sotille v. Gaines Construction Co., 281 So.2d 558 (Fla. 3d DCA 1973), cert. denied, 289 So.2d 737 (Fla.1974); Fla. R.Civ.P. 1.140(b).
Affirmed.

. 903.14 Contracts to indemnify surities.—
(1) A surety shall file with the bond an affidavit stating the amount and source of any security or consideration which he or anyone for his use has received or been promised for the bond.
(2) A surety may maintain an action against the indemnitor only on agreements set forth in the affidavit. In an action by the indemnitor to recover security or collateral, the surety shall have the right to retain only *945 the security or collateral stated in the affidavit.