PER CURIAM.
This is an interlocutory appeal from an order awarding attorney’s fees in a specific performance suit. The plaintiff buyer Felix Mechoulam brought suit below for specific performance of a purchase and sale agreement for the conveyance of a condominium unit against the defendants: seller/developer Turnberry Towers Corporation; Turnberry Corporation; and Flagship National Bank of Miami, as trustee of a land trust established by the developer. The purchase and sale agreement contained a clause that provided, in effect, for a stated amount of damages and attorney’s fees for the defendants in the event of a default under the contract. The plaintiff Mecho-ulam obtained a final summary judgment below in his favor and a subsequent order awarding him attorney’s fees under Section 718.125, Florida Statutes (1982), which provides as follows:
Attorney’s fees. — If a contract or lease between a condominium unit owner or association and a developer contains a provision allowing attorney’s fees to the developer, should any litigation arise under the provisions of the contract or lease, the court shall also allow reasonable attorney’s fees to the unit owner or association when the unit owner or association prevails in any action by or against the unit owner or association with respect to the contract or lease.
The defendants appeal.
We are compelled to reverse the order under review upon a holding that the purchase and sale agreement entered into between the parties is not “a contract or lease between a condominium unit owner ... and a developer” within the meaning of the above statute sufficient to support an award of attorney’s fees thereunder. Indeed, at the time the subject agreement was entered into, the plaintiff Mechoulam was merely a potential purchaser of a condominium unit and was in no sense a condominium unit owner within the contemplation of the above statute. We have recently reached precisely this result in Pacheco v. Lincoln Palace Condominium, Inc., 410 So.2d 573 (Fla. 3d DCA 1982), in interpreting an indistinguishably analogous statute [§ 718.303(1), Fla.Stat. (1982) ]. The order under review is, accordingly,
Reversed.