449 So.2d 952 (1984)
Ruth S. BOYD and John W. Boyd, Appellant,
v.
Lin BRETT-MAJOR and Lawyers Professional Liability Insurance Company, Appellees.
No. 83-835.
District Court of Appeal of Florida, Third District.
May 8, 1984.
*953 Michael A. Nuzzo, Miami, for appellant.
Conrad, Scherer & James and Joseph S. Kashi, Fort Lauderdale, for appellees.
Before HUBBART, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
Appeal is taken by the plaintiffs below from a judgment entered on a jury verdict for an attorney and her insurer in a legal malpractice action. The appeal challenges an affirmative defense, and jury instruction given in accordance with that defense. There is no challenge to the sufficiency of the evidence to support the instruction.
The salient facts are as follows. In May 1980, plaintiffs' son was required to post a criminal appearance bond in Palm Beach County. A bonding company agreed to post the $100,000 bond and in return plaintiffs signed a mortgage and promissory note encumbering their home. The bonding company failed to file an affidavit as required by Section 903.14, Florida Statutes (1983), thereby creating an absolute defense to any subsequent foreclosure action. When plaintiffs' son failed to appear in court, the bond was estreated. The bonding company unsuccessfully sought reimbursement from plaintiffs, and ultimately filed a mortgage foreclosure action.
Plaintiffs retained the defendant-attorney to represent them in the action. Plaintiffs claim on appeal that they wished to win the suit, and that the attorney assured them of success. Defendant-attorney contends, however, that because plaintiffs wished to maintain an ongoing relationship with the bonding company, they requested only that the action be delayed so that they could raise the funds to repay the debt. In any event, the attorney filed an answer in the foreclosure action, but failed to adequately plead Section 903.14 as an affirmative defense. A final summary judgment was entered against plaintiffs on the bonding company's motion. On appeal we affirmed the judgment. Boyd v. International Fidelity Insurance Co., 412 So.2d 944 (Fla. 3d DCA 1982).
Plaintiffs thereafter filed a legal malpractice action against the attorney and her insurer. Defendants alleged as an affirmative defense to the claim:
The Plaintiffs specifically instructed the Defendant, LIN BRETT-MAJOR, to protect their interests in an agreement which they had negotiated with all the bondsmen, including Frank McGoey, the bondsman for International Fidelity Insurance Company, and at all times, the Defendant, LIN BRETT-MAJOR, acted in accordance with the instructions given to her by the Plaintiffs, after having explained various potential defenses to the foreclosure actions brought by the bondsmen.
At the conclusion of the evidence, the jury was instructed:
The next issue for your consideration is that LIN BRETT-MAJOR was acting according to the specific instructions of her client and an attorney is dutibound to carry out the specific instructions of a client provided that criminal or fraudulent ends are not intended. If you find that LIN BRETT-MAJOR was carrying out the specific instructions of her client, *954 then your verdict should be for the Defendant, LIN BRETT-MAJOR.
The proof at trial showed that the attorney was hired not to win the case but to delay the action (even though the bonding company's failure to file an affidavit created an absolute defense) because the clients intended to live up to their contractual obligation and wished to remain on good terms with the bondsman. Plaintiffs argue that to permit an affirmative defense such as that presented here, which is without legal precedent, would establish an untenable situation by which attorneys could avoid liability for their professional omissions simply by pleading that they followed a course of action desired by the client. We are not convinced that the door is opened to a parade of horribles unless we disapprove of, as a defense to a malpractice claim, that the course of action taken by counsel was at the direction of an otherwise well-advised client. The relevant inquiry is whether the attorney followed the explicit directions of his client, which presents a question of fact.
There are apparently no Florida cases directly on point, but defendants cite two cases from other jurisdictions which have addressed the question. In Orr v. Knowles, 215 Neb. 49, 337 N.W.2d 699, 702 (1983), the court held:
It is not the role of an attorney acting as counsel to independently determine what is best for his client and then act accordingly. Rather, such an attorney is to allow the client to determine what is in the client's best interests and then act according to the wishes of that client within the limits of the law.
Accord Downton v. Perini, 511 F. Supp. 258 (N.D.Ohio 1981) (a lawyer may not force a client to pursue a given course of action even though the lawyer sincerely believes it is in the client's best interests to do so).
Affirmed.