467 So.2d 824 (1985)
Jack DYKEMA, Appellant,
v.
G. Franklin GODFREY, et al. Appellees.
No. AY-20.
District Court of Appeal of Florida, First District.
April 25, 1985.
*825 David F. Holmes of Braverman & Holmes, Fort Lauderdale, for appellant.
Charles T. Boyd, Jr., of Boyd, Jenerette, Staas, Joos, Williams & Felton, P.A., Jacksonville, for appellees.
PEARSON, TILLMAN (Ret.), Associate Judge.
Appellant Jack Dykema brought an action alleging negligent malpractice against his former attorneys. The trial judge dismissed appellant's second amended complaint. The negligence claimed was that his attorneys failed to inform him of the Small Business Association's rejection of all offers to settle the action and the attorneys' subsequent failure to file an answer or any other pleading in the cause. The complaint was dismissed with prejudice on the ground that plaintiff failed to allege that there was a meritorious defense to the action to foreclose a Small Business Administration loan and a failure to allege facts showing that plaintiff's loss was the approximate result of defendants' negligence.[1]See Maryland Casualty Co. v. Price, 231 Fed. 397 (4th Cir.1916).
We reverse upon a holding that in ruling on a motion to dismiss, the fundamental question is whether the one making the allegations would by proving them thereby establish a cause of action against defendant. Copeland v. Celotex Corp., 447 So.2d 908 (Fla. 3rd DCA 1984). Construing this complaint most favorably to the pleader, it appears that a cause of action may exist. Vantage View, Inc. v. Bali East Development Corporation, 421 So.2d 728 (Fla. 4th DCA 1982).
There can be no question that one has a cause of action against an attorney who neglects to perform the services which he agrees to perform for a client or which by implication he agrees to perform when he accepts employment. Weekley v. Knight, 116 Fla. 721, 156 So. 625 (1934). Plaintiff here alleges that the employment of defendant attorneys was by an agreement to defend and try to settle or compromise the suit. It follows that there was a duty to inform the client of the failure of attempts to settle the suit. It is entirely possible that because plaintiff does not allege a meritorious defense, there was none. But this does not appear from the four corners of the complaint. See Hammonds v. Buckeye Cellulose Corp., 285 So.2d 7 (Fla. 1973). Further, it does not follow that the absence of a defense to an action for foreclosure relieves an attorney who has accepted employment in the foreclosure action of all responsibility. A defendant to a mortgage foreclosure has a right of redemption. Plaintiff here affirmatively alleges he could have exercised this right if he had received notice that it was his only recourse. A motion to dismiss a complaint is not a substitute for a summary judgment where the court may deal with facts rather than pleadings. See Pizzi v. Central Bank and Trust Co., 250 So.2d 895 (Fla. 1971).
*826 Whether plaintiff has suffered any monetary loss is a matter of proof. He has alleged a loss and it does not affirmatively appear from the complaint that the alleged negligence could not have contributed to that loss. Therefore, the judgment dismissing the complaint is reversed and the cause remanded for further proceedings in accordance with this opinion.
Reversed and remanded.
BOOTH and SHIVERS, JJ., concur.
NOTES
[1] The final judgment recites: "... it does not allege any defense to the foreclosure action that could have been pursued by the defendants herein; nor does it state any facts upon which the plaintiff's loss could be attributed approximately to the acts of the defendants."