528 So.2d 512 (1988)
Eugene MAILLARD and Patricia Lynch, Husband and Wife, Appellants,
v.
Thomas J. DOWDELL, III, and Bonefish Towers Condominium Association, Appellees.
No. 87-2152.
District Court of Appeal of Florida, Third District.
July 19, 1988.
*513 Sutton, Jamerson & Mullin and John O. Sutton, Coral Gables, for appellants.
Thomas J. Dowdell, III, Franklin D. Greenman, Marathon, for appellees.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
HENDRY, Judge.
Plaintiffs, Eugene Maillard and Patricia Lynch, upon learning the condominium unit they had recently purchased contained serious structural defects, brought a multi-count complaint against numerous defendants, including Bonefish Towers Condominium Association and Thomas J. Dowdell, the attorney who represented the plaintiffs in purchasing the condominium unit. The trial court entered orders of dismissal in favor of defendants Bonefish Condominium and Dowdell for failure to state a cause of action. Plaintiffs appealed.
Count five of plaintiffs' complaint alleged that Bonefish Towers Condominium Association had a fiduciary duty to plaintiffs as prospective purchasers to disclose information the association possessed concerning the defective condition of the condominium building prior to the sale. Bonefish Towers filed a motion to dismiss, claiming the condominium association owed no duty of disclosure to plaintiffs as prospective *514 purchasers. In granting the motion to dismiss the trial court found that the statutory duty of condominium associations to their unit owners, pursuant to section 718.111(1)(a), Florida Statutes (1985),[1] does not extend to prospective purchasers. After considering plaintiffs' arguments on appeal and finding them unpersuasive, we affirm the trial court's order of dismissal.
Bonefish Towers further claims they are entitled to attorney's fees under a provision of the declaration of condominium which awards costs and fees to the prevailing party "in any proceeding arising because of an alleged failure of an apartment owner of the association to comply with the terms of the Declaration." We cannot accept this argument. When this cause of action accrued, plaintiffs were prospective purchasers and not unit owners; consequently, this was not a "proceeding arising because of an alleged failure of an apartment owner ... to comply with the terms of Declaration." The contractual provision awarding attorney's fees would be inapplicable to plaintiffs. Turnberry Towers Corp. v. Mechoulam, 425 So.2d 1180 (Fla. 3d DCA 1983); Pacheco v. Lincoln Palace Condominium, Inc., 410 So.2d 573 (Fla. 3d DCA 1982).
We turn now to the legal malpractice count against attorney Dowdell. The seller of the condominium unit, the William Creasy Agency, Inc., allegedly told the plaintiffs and Dowdell prior to the sale that the condominium association was involved in litigation in Dade Circuit Court with the developers and builders of the condominium to recover the costs of repairing minor cosmetic defects. After the sale, the plaintiffs learned the true purpose of the litigation was to recover considerable damages for serious structural defects. In count four of their complaint, plaintiffs alleged Dowdell was negligent in conducting his duties as an attorney in that he failed to use proper diligence to ascertain the exact nature of the construction defects and acquaint himself with the true underlying facts of the condominium action. The trial court granted Dowdell's motion to dismiss, finding the complaint:
fails to allege facts which constitute legal malpractice in that an attorney employed as alleged, to represent the purchaser of the condominium parcel, has no duty to investigate structural defects or the content of the lawsuit filed by the Condominium Association in Dade County against developers, builders, and materialmen involving structural defects in the condominium improvements when the existence of the lawsuit had been made known to the purchaser and the attorney does not withhold any information known to him concerning the lawsuit, that was not already also known by or disclosed to the purchaser and the attorney was not hired specifically to look into the lawsuit or investigate the structure.
In any legal malpractice suit the plaintiff is required to prove (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff. Maryland Casualty Co. v. Price, 231 F. 397 (4th Cir.1916), as adopted in Weiner v. Moreno, 271 So.2d 217 (Fla. 3d DCA 1973). In establishing the first element, the attorney's employment, it is not sufficient merely to assert an attorney-client relationship existed between the parties; it is essential to allege the relationship existed with respect to the acts or omissions upon which the malpractice claim is based. Kurtenbach v. TeKippe, 260 N.W.2d 53 (Iowa 1977). See also Lawyers Professional Liability Ins. Co. v. McKenzie, 470 So.2d 752 (Fla. 3d DCA 1985) (plaintiff had to prove attorney was hired for the specific purpose of getting back property and not merely recovering money owed); Boyd v. Brett-Major, 449 So.2d 952 (Fla. 3d DCA 1984) (attorney was hired to delay mortgage foreclosure action and not to win the case).
In ruling on a motion to dismiss for failure to state a cause of action a court is *515 bound in its consideration to the allegations found within the four corners of the complaint and must accept these allegations as true. Copeland v. Celotex Corp., 447 So.2d 908 (Fla. 3d DCA 1984), quashed on other grounds, 471 So.2d 533 (Fla. 1985); Emile v. Florida Power & Light Co., 426 So.2d 1152 (Fla. 3d DCA 1983); Dunnell v. Malone & Hyde, Inc., 425 So.2d 646 (Fla. 3d DCA 1983). The fundamental question a court must consider in ruling on a motion to dismiss is whether by proving the allegations in the complaint the plaintiff would establish a cause of action against the defendant. Dykema v. Godfrey, 467 So.2d 824 (Fla. 1st DCA 1985). We hold the trial court correctly concluded that plaintiffs had no cause of action against Dowdell.
Plaintiffs alleged Dowdell was employed to represent them in the purchase of the condominium. No allegations were made that Dowdell was instructed to do anything other than represent plaintiffs in the purchase of the property. Generally, the duties of an attorney employed to represent the buyer in a real estate transaction are "to investigate the title to real estate, to make a painstaking examination of the records and to report all facts relating to the title... ." and give an opinion on the marketability of the title to the property, St. Pius X House of Retreats v. Diocese of Camden, 88 N.J. 571, 443 A.2d 1052, 1061 (1982), and to handle the real estate closing. Plaintiffs did not allege that Dowdell was negligent in performing these duties. Furthermore, plaintiffs did not allege Dowdell was employed to investigate or even inquire into the condominium association action or the structural soundness of the building. Nor did plaintiffs assert Dowdell knew of facts material to the purchase of the condominium but failed to disclose those facts to them.
Finally, the plaintiffs did not claim Dowdell completely disregarded matters coming to his attention which should reasonably have put him on notice that plaintiffs would have legal problems that were not precisely or totally within the scope of the task Dowdell was employed to perform. See Daugherty v. Runner, 581 S.W.2d 12 (Ky.App. 1978). Accordingly, we find that plaintiffs have failed to allege a cause of action against Dowdell for legal malpractice, thus the trial court's order of dismissal is
Affirmed.
SCHWARTZ, Chief Judge (dissenting in part).
In my view, a jury could properly find that an attorney hired by out of state clients to represent them in the purchase of a condominium unit has the duty to exercise reasonable care to determine, in the light of information of which he is on actual notice, that the building was the subject of a well-justified claim of defective construction and that the value of the unit was therefore markedly less than the purchase price. In this case, in which this fact could have been discovered merely by examining the complaint and its attached exhibits in an action of which he was specifically aware, or by asking a representative of the condominium association, I believe also that there is a valid question as to whether that duty was breached. Contrary to the majority, I think the observation of the court in Daugherty v. Runner, 581 S.W.2d 12 (Ky.App. 1978), is directly apropos:
An attorney cannot completely disregard matters coming to his attention which should reasonably put him on notice that his client may have legal problems or remedies that are not precisely or totally within the scope of the task being performed by the attorney.
581 S.W.2d at 17. For this reason, I would reverse the dismissal of the complaint as to the attorney Dowdell.
I concur in the court's opinion as to the claim against the condominium association.
NOTES
[1] Section 718.111(1) (a) in relevant part states: "The officers and directors of the association have a fidiciary relationship to the unit owners."