730 So.2d 376 (1999)
Dean ATKIN and Janet Atkin, his wife, Appellants,
v.
TITTLE & TITTLE, a Florida professional association, and Charles P. Tittle, individually, and Director of Tittle & Tittle, P.A., Appellees.
No. 97-3410.
District Court of Appeal of Florida, Third District.
March 31, 1999.
*377 Kopplow & Flynn, Miami; Cooper & Wolfe and Nancy C. Ciampa and Sharon L. Wolfe, Miami, for appellants.
Randolph W. Sadtler, Tavernier, for appellees.
Before COPE, LEVY and SHEVIN, JJ.
SHEVIN, Judge.
Dean and Janet Atkin appeal a final judgment setting aside a jury verdict and granting defendants Tittle & Tittle, P.A., and Charles Tittle, Esq. [collectively "Tittle"], a directed verdict in a legal malpractice action. We reverse.
The Atkins retained Charles Tittle to represent them in the 1989 purchase of a vacant lot located in Monroe County; they informed Tittle that they wished to build a home on the lot. Tittle was concerned about the contiguous lot rule, which might invalidate the lot purchase; in order to avoid any problems, he included a contingency as to that rule in the purchase contract that he drafted for the Atkins. The Atkins purchased the property. In 1992, the Atkins were denied a building permit to build a house because the lot was zoned SR; under that designation no house could be built because the property did not meet the required minimum lot size. They filed a legal malpractice action against Tittle for failure to determine that the zoning prohibited the lot's intended use.
The jury returned a verdict in the Atkins' favor. However, the trial court granted Tittle's directed verdict motion relying on Maillard v. Dowdell, 528 So.2d 512 (Fla. 3d DCA), review denied, 539 So.2d 475 (Fla. 1988), and concluding that Tittle "performed the duties for which he was employed, investigated issues brought to his attention, and was not required to render additional land use and zoning opinions for which he was not retained."
We disagree with the trial court's conclusion.
The power to direct a verdict should be cautiously exercised, and a motion for a directed verdict should never be granted unless the evidence is such that under no view which the jury might lawfully take of the evidence favorable to the adverse party could a verdict for the latter party be sustained.
Edwards v. Orkin Exterminating Co., Inc., 718 So.2d 881, 883 (Fla. 3d DCA 1998)(quoting Burch v. Strange, 126 So.2d 898, 901 (Fla. 1st DCA 1961)); Perry v. Red Wing Shoe Co., 597 So.2d 821 (Fla. 3d DCA 1992). See Aurbach v. Gallina, 721 So.2d 756 (Fla. 4th DCA 1998). Here, the record contains evidence from which the jury could lawfully find that Tittle neglected a reasonable duty and proximately caused the Atkins' damages.
To prevail in a legal malpractice action, the plaintiff must prove the attorney's employment; the attorney's neglect of a reasonable duty; and damages proximately caused by the attorney's negligence. See Sure Snap Corp. v. Baena, 705 So.2d 46 (Fla. 3d DCA 1997), review denied, 719 So.2d 288 (Fla. 1998); Maillard, 528 So.2d at 512; Weiner v. Moreno, 271 So.2d 217 (Fla. 3d DCA 1973). As to the first element, plaintiff must prove that the attorney was employed with respect to the asserted negligent acts. Maillard, 528 So.2d at 514-15. The trial court erred in finding that the Atkins failed to establish this element of their cause of action. In this case, Tittle undertook an inquiry into whether the lot was buildable by virtue of the contingency concerning the contiguous lot rule that he inserted in the purchase contract. The Atkins presented evidence that Tittle's representation fell below the standard of care: Tittle failed to fulfil his obligation to represent the Atkins competently in their purchase of a vacant lot on which Tittle knew that they intended to build a home. The experts testified that if Tittle had investigated the contiguous lot rule issue, *378 he would inevitably have learned that the zoning of the lot adversely affected his clients. An attorney may not "neglect[] to perform the services which he agrees to perform or which by implication he agrees to perform when he accepts employment." Dykema v. Godfrey, 467 So.2d 824, 825 (Fla. 1st DCA 1985). See also Maillard, 528 So.2d at 515. Even in the absence of such a purchase contract contingency provision, Tittle would still have been obligated to check out the zoning issue or to advise the Atkins to pursue the issue when he assumed the responsibility to represent the Atkins as to the lot buildability. "An attorney may be held liable for damages incurred by a client based on the attorney's failure to act with a reasonable degree of care, skill, and dispatch." Crosby v. Jones, 705 So.2d 1356, 1358 (Fla. 1998). The verdict is supported by competent evidence; the court erred in granting Tittle's directed verdict motion.
Moreover, Maillard does not avail Tittle, who assumed the duty to check out the contiguous lot rule. Although Maillard provides the general rule as to an attorney's duties when representing a client in a real estate transaction, that rule is not absolute. An attorney may not disregard matters that arise and reasonably signal potential legal problems although those matters may not fall precisely within the general rule. Maillard, 528 So.2d at 515. Tittle's failure to fulfil his duty competently to the Atkins rendered him negligent.
Accordingly, we reverse the judgment with directions to enter judgment according to the jury's verdict.
Reversed and remanded.