882 So.2d 436 (2004)
Gary LANE, Appellant,
v.
Kathleen Holbrook COLD, Esquire, et al., Appellee.
No. 1D03-4540.
District Court of Appeal of Florida, First District.
August 30, 2004.
Rehearing Denied September 24, 2004.
*437 Michael J. Davie, Jacksonville, for Appellant.
Francis J. Milon of Harris Brown, P.A., Jacksonville, for Appellee.
VAN NORTWICK, J.
Gary Lane appeals a final summary judgment entered in favor of Kathleen Holbrook Cold, appellee, in Lane's legal malpractice action against Cold based upon her alleged failure to prepare a buy-sell agreement. Because no genuine issue of material fact exists as to whether Cold was retained to prepare such an agreement, we affirm.
Cold prepared the necessary documents for the incorporation of Bobcat of North Florida, Inc., with Lane and his now deceased brother, Bobby Lane, as sole shareholders. Lane argues that genuine issues of material fact are in dispute as to whether Cold was negligent in failing to prepare a buy-sell agreement when she incorporated Bobcat to assure a plan of succession for the corporation in the event of the death of one of the brothers. The facts are undisputed that Cold had prepared *438 a buy-sell agreement at the time of the incorporation of another corporation wholly-owned by the Lanes; that, at the time of the incorporation of Bobcat, Cold inquired of the Lanes as to whether they wished her to prepare a buy-sell agreement; and that no one requested Cold to prepare a buy-sell agreement relating to Bobcat. Although Gary Lane and the Lanes' accountant stated that the Lanes wanted a buy-sell agreement, Lane produced no evidence that either the Lanes, their accountant or anyone acting on their behalf had requested Cold to prepare the agreement or expressed to Cold an interest in having a buy-sell agreement in connection with Bobcat.
To recover in a legal malpractice action, the plaintiff must show (1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, and (3) such negligence was the proximate cause of loss to the plaintiff. Maillard v. Dowdell, 528 So.2d 512, 514 (Fla. 3d DCA 1988). With respect to establishing the first element, it is not sufficient merely to show that an attorney-client relationship existed between the parties, it is essential that the plaintiff show that the relationship existed with respect to the acts or omissions upon which the malpractice claim is based. Id. Here, Lane has presented no evidence that Cold was retained to prepare a buy-sell agreement or that she otherwise agreed, expressly or implicitly, to undertake that responsibility.
Further, although an attorney's negligent act or omission in connection with a client's business planning may be the basis for a malpractice action, see, e.g., Conley v. Shutts & Bowen, 616 So.2d 523 (Fla. 3d DCA 1993); Viner v. Sweet, 30 Cal.4th 1232, 135 Cal.Rptr.2d 629, 70 P.3d 1046 (2003); Lane does not allege that Cold gave him negligent advice. It is undisputed that Cold counseled with her clients with respect to the buy-sell agreement and asked her clients whether they wished one to be prepared. Cold's professional inquiry concerning the desire for a buy-sell agreement, without more, did not create a duty on her part to prepare the agreement. See Boyd v. Brett-Major, 449 So.2d 952, 954 (Fla. 3d DCA 1984)("It is not the role of an attorney acting as counsel to independently determine what is best for his client and then act accordingly. Rather, such an attorney is to allow the client to determine what is in the client's best interests and then act according to the wishes of that client within the limits of the law.") (quoting Orr v. Knowles, 215 Neb. 49, 337 N.W.2d 699, 702 (1983)).
Where a movant for summary judgment (here, Cold) offers sufficient evidence to support her claim of the nonexistence of a genuine issue of material fact, the opposing party (in this case, Lane) must demonstrate the existence of an issue or issues either by countervailing facts or justifiable inferences from the facts presented. Fleming v. Peoples First Financial Savings and Loan Association, 667 So.2d 273, 274 (Fla. 1st DCA 1995). Here, Lane failed to present to the trial court any evidence showing that Cold was employed to prepare or otherwise had a professional obligation to prepare a buy-sell agreement for the Lanes and Bobcat. Accordingly, we find that there is no genuine issue of material fact as to one of the essential elements of Lane's cause of action and we affirm the final summary judgment.
AFFIRMED.
BARFIELD and PADOVANO, JJ., concur.