965 So.2d 182 (2007)
GUNSTER, YOAKLEY & STEWART, P.A. and Daniel Hanley, Appellants,
v.
Charles McADAM, III, and Frank Gannett McAdam, individually, as Personal Representatives of the Estate of Charles V. McAdam, Jr., and as Trustees of The Charles V. McAdam, Jr. Revocable Trust under Agreement dated June 5, 1998, Appellees.
Nos. 4D06-1594, 4D06-1624.
District Court of Appeal of Florida, Fourth District.
August 22, 2007.
Rehearing Denied October 25, 2007.
L. Louis Mrachek and Alan B. Rose of Page, Mrachek, Fitzgerald & Rose, P.A., West Palm Beach, for appellants.
Steven M. Katzman and Alexandra Sierra  De Varona of Katzman, Wasserman & Bennardini, P.A., Boca Raton, and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellees.
POLEN, J.
Appellant Gunster, Yoakley & Stewart, P.A. ("Gunster Yoakley") appeals a final judgment entered against it in the amount of $1,043,430. We affirm on all issues raised on appeal and cross-appeal.
*183 Frank Gannett McAdam and Charles McAdam, III, individually, as personal representatives of the Estate of Charles V. McAdam, Jr., and as trustees of The Charles V. McAdam, Jr. Revocable Trust, brought an action against Gunster Yoakley, one of Gunster Yoakley's probate attorneys and J.P. Morgan Trust Company, N.A., ("J.P. Morgan"). In their complaint, plaintiffs asserted claims of breach of fiduciary duty, constructive fraud, civil conspiracy, negligence and unjust enrichment. The substance of these accusations was that Gunster Yoakley wrongfully procured J.P. Morgan's appointment as corporate fiduciary and caused the estate administration to be more expensive. As such, plaintiffs sought, among other things, recompense for all "avoidable probate expenses" and disgorgement of all fees paid to Gunster Yoakley by decedent Charles V. McAdam, Jr.
After settling their claims against J.P. Morgan, plaintiffs proceeded against Gunster Yoakley and ultimately won a $1.2 million jury verdict. The trial court, however, granted remittitur and entered final judgment of $1,043,430, including interest and costs. This appeal follows.
We have considered the issues raised by Gunster Yoakley on appeal, including its contentions that (1) it was not liable to the estate for administration expenses or damages arising out of the appointment of J.P. Morgan, (2) the trial court erred in denying its motion for partial summary judgment which was based on the issue of standing, and (3) the court erred in submitting a qualified personal-residence trust issue to the jury. As to the first point, we hold that reversal is not merited on any of the grounds argued by Gunster Yoakley because:
 Plaintiffs sought relief not available to them in probate and therefore could, contrary to Gunster Yoakley's assertion on appeal, collaterally attack the appointment of J.P. Morgan. See Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner, 586 So.2d 1221 (Fla. 3d DCA 1991) (holding testator's estate can maintain legal malpractice action against attorney who prepared the will of the deceased in order to address issues not remedied in probate court);
 The trial court did not err in submitting to the jury the question of whether Gunster Yoakley had a duty to fund a revocable trust during decedent's lifetime as there was sufficient evidence that Gunster Yoakley implicitly agreed to do so. See Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981) ("[T]he concern on appeal must be whether, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial, competent evidence to support the verdict and judgment."); see also Lane v. Cold, 882 So.2d 436, 438 (Fla. 1st DCA 2004) (holding action for breach of fiduciary duty may be maintained where, "A relationship exist[s] with respect to the acts or omissions upon which the malpractice claim is based," and a party may demonstrate this relationship by showing that his attorney implicitly agreed to undertake these responsibilities); and
 The trial court did not abuse its discretion in denying Gunster Yoakley's request for jury instruction, nor did the court err in making an award under the "wrongful act doctrine." See In re Amendment to Rules Regulating Fla. Bar, 605 So.2d 252, 309 (Fla.1992) (providing that rules of professional conduct "are not designed to be a basis for civil liability"); see also Martha A. Gottfried, Inc. v. Amster, 511 So.2d *184 595, 598 (Fla. 4th DCA 1987) ("Where the wrongful act of the defendant has involved the claimant in litigation with others, and has placed the claimant in such relation with others as makes it necessary to incur expenses to protect its interests, such costs and expenses, including reasonable attorney's fees upon appropriate proof, may be recovered as an element of damages.") (quoting Baxter's Asphalt & Concrete, Inc. v. Liberty County, 406 So.2d 461 (Fla. 1st DCA 1981)), quashed on other grounds, 421 So.2d 505 (Fla.1982).
Regarding the second issue, we hold that the trial court did not err in denying Gunster Yoakley's motion for partial summary judgment as plaintiffs demonstrated they had standing to bring suit against Gunster YoakleyPlaintiffs showed that their father's intent, as expressed in his will, was frustrated by the negligence of Gunster Yoakley and that, as a direct result of such negligence, their legacy was diminished. See Hewko v. Genovese, 739 So.2d 1189, 1192 (Fla. 4th DCA 1999). We also hold that the trial court did not err in submitting to the jury the qualified personal-residence trust issue as the jury's verdict on that matter was supported by sufficient evidence. See Tibbs, 397 So.2d at 1123.
Lastly, we address plaintiffs' argument on cross-appeal, i.e., that the trial court erred in granting partial summary judgment in favor of Gunster Yoakley on plaintiffs' family limited partnership ("FLP") claim. We agree with the trial court and conclude that any FLP claim was too speculative to withstand summary judgment because there was insufficient proof of damages or source of funding. See Asgrow-Kilgore Co. v. Mulford Hickerson Corp., 301 So.2d 441, 445 (Fla.1974) (stating that although precise proof of damages is not fatal to recovery of compensatory damages, lack of proof supporting monetary loss, or a speculative or conjectural claim, is) (citations omitted).
Based on the foregoing, we affirm the final judgment and we also affirm as to all other issues raised on appeal.
Affirmed.
STONE and GROSS, JJ., concur.