981 So.2d 664 (2008)
Armando RODRIGUEZ, Appellant,
v.
The CITY OF KEY WEST, a Florida municipal corporation, Appellee.
No. 3D07-1101.
District Court of Appeal of Florida, Third District.
May 21, 2008.
Armando Rodriguez, in proper person.
Shawn D. Smith, Key West City Attorney, Key West, for appellee.
Before RAMIREZ, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, J.
The plaintiff, Armando Rodriguez ("Rodriguez"), appeals from a final summary judgment in favor of the defendant, The City of Key West ("the City"). We affirm.
Rodriguez has a passenger vehicle for hire license ("PVH license") issued by the City to operate a taxicab. In January 2003, Rodriguez sought four additional PVH licenses from the City. At that time, the City's licensing official, Carolyn Walker, informed Rodriguez that no PVH licenses were available. Thereafter, Rodriguez filed an action against the City, alleging that the City applied its ordinances regulating the issuance of PVH licenses in a discriminatory manner when it denied his request for additional PVH licenses.
The City moved for summary judgment, asserting that Rodriguez failed to demonstrate that the City has applied its PVH *665 license ordinances in a discriminatory fashion. In support of its motion, the City filed Ms. Walker's sworn affidavit, which provides that, when Rodriguez requested the additional PVH licenses in January 2003, she had no discretion to issue the licenses to him. Ms. Walker explained that, pursuant to section 78-62(a) of The City of Key West Ordinances, the number of PVH licenses was capped at fifty-six and all fifty-six PVH licenses had been issued. Moreover, even if a PVH license was available on the day of Rodriguez's request, the City could not have issued the license directly to Rodriguez because when PVH licenses are available, pursuant to sections 78-62(d) and (e), the issuance of new or available licenses requires public notice, formal application, and random drawing.
Following a hearing, the trial court granted final summary judgment in favor of the City. Rodriguez's timely appeal followed.
Rodriguez contends that the trial court erred by granting final summary judgment in favor of the City. We disagree.
A trial court properly enters final summary judgment in favor of the moving party where the moving party conclusively demonstrates that no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Our review of the trial court's summary judgment is de novo. Id. Moreover, where the party moving for summary judgment "offers sufficient evidence to support [its] . . . claim of the nonexistence of a genuine issue of material fact, the opposing party . . . must demonstrate the existence of an issue or issues either by countervailing facts or justifiable inferences from the facts presented." Lane v. Cold, 882 So.2d 436, 438 (Fla. 1st DCA 2004).
In the instant case, Rodriguez's lawsuit claimed that the City was applying its ordinances in a discriminatory manner because in January 2003, the City denied his request for additional PVH licenses. In support of its motions for summary judgment, the City filed Ms. Walker's sworn affidavit, which averred that in January 2003, the City could not have issued Rodriguez an additional PVH license because the fifty-six PVH licenses authorized by section 78-62(a) of The City of Key West Ordinances had been issued. Moreover, Ms. Walker explained that if a PVH license was available at that time, she could not have directly issued the license to Mr. Rodriguez because the issuance of a PVH license requires public notice, formal application, and random drawing. Thereafter, Rodriguez failed to present the trial court with any evidence showing that PVH licenses were available when he requested the additional licenses, and that the City issued these licenses to other entities or individuals. Therefore, we find that the trial court properly granted final summary judgment in favor of the City as it conclusively demonstrated that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law.
Affirmed.