786 So.2d 61 (2001)
George KATES and Nehama Kates, Appellants/Cross-Appellees,
v.
James D. ROBINSON and Spence, Payne, Masington & Needle, P.A., Appellees/Cross-Appellants, and
Scott Jay, Appellee.
No. 4D00-1093.
District Court of Appeal of Florida, Fourth District.
May 16, 2001.
*62 Warren R. Trazenfeld of Warren R. Trazenfeld, P.A., Miami, for appellants/cross-appellees.
Gina E. Caruso of Hinshaw & Culbertson, Fort Lauderdale, for Appellees/Cross-Appellants-James D. Robinson and Spence, Payne, Masington & Needle, P.A.
John H. Pelzer and John R. Keller of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for Appellee-Scott Jay.

ON MOTION FOR REHEARING
PER CURIAM.
We grant appellant's motion for rehearing, withdraw our prior opinion, and substitute the following in its place.
Appellants, George Kates and Nehama Kates (the Kates) filed a Complaint against James D. Robinson (Robinson), and Spence, Payne, Masington & Needle, P.A. (Spence, Payne), and another attorney who was subsequently dismissed from the action and is not a party to this appeal, alleging legal malpractice in the representation of the Kates in a personal injury action. The Kates filed a First Amended Complaint, which was substantially similar to the initial complaint with some additional facts, and, subsequently, a Second Amended Complaint adding attorney Scott Jay (Jay) as a defendant.
All defendants filed motions to dismiss on various grounds which will be discussed later in this opinion. Following a hearing, the trial court granted all motions to dismiss. Those orders are the subject of this appeal.[1] After review, we affirm the dismissal of the complaint against Jay, but reverse the order dismissing the complaint against Robinson and Spence, Payne.

I. Allegations against Spence, Payne
The complaint against Robinson and Spence, Payne alleged that they had represented the Kates in a personal injury action in which George sought damages for injuries sustained when he was assaulted and brutally beaten at the Shell Gas Station where he was obtaining gas. On behalf of the Kates, Spence, Payne filed suit against O.K. Shell Corp., a Florida corporation, and Shell Oil Company, a Delaware corporation. A change in the law, which limited the liability of gasoline franchisers to third parties injured at gas station sites, prompted Spence, Payne to advise the Kates that they would not recover a money judgment against Shell Oil Company. Because O.K. Shell Corp. had no assets, Spence, Payne decided not to invest additional money and time in the lawsuit. They advised the Kates that no other parties were liable for their damage and recommended that the Kates enter into a Consent Final Judgment with O.K. Shell Corp. in the amount of $1 million. Based on that advice, the Kates entered into a consent judgment with O.K. Shell Corp. Subsequent to the entry of the consent final judgment, Robinson advised the Kates that nothing more could be done.
*63 Thereafter, the Kates hired attorney, Jay, to pursue collection of the consent judgment. In the course of his employment, Jay obtained Spence, Payne's file from the personal injury action. The file contained a Motor Fuel Station Lease. It was allegedly at that time that Jay and the Kates first learned that, at the time of the assault, the gas station was leased to a partnership composed of A. Alonso and J. Acosta (the lessees), parties who had not been joined in the personal injury action. In the complaint against Robinson and Spence, Payne, the Kates alleged that, had they known of the existence of the lessees, they would not have entered into the consent final judgment. They further asserted that, had Spence, Payne joined the lessees in the lawsuit, the Kates could have possibly collected monies from them, either through a settlement or judgment. The Second Amended Complaint also contained counts against Robinson and Spence, Payne for negligence and breach of fiduciary duty.
Robinson and Spence, Payne moved to dismiss the complaint, arguing that because Jay had learned of the existence of the lessees five months prior to the expiration of the statute of limitations, it was Jay's failure to file suit against the lessees, and not any negligence of Spence, Payne, that was the proximate cause of the Kates' damages, if any. Spence, Payne asserted further that the Kates' action against the law firm was barred by the statute of limitations.

II. Allegations against Jay
The complaint against Jay incorporated all of the above facts, and added that Jay was negligent and breached his fiduciary duty to the Kates by (1) failing to advise the Kates to sue the lessees of the Shell Oil gas station, (2) failing to timely "investigate the facts, circumstances and nature of Plaintiffs' legal matter", and (3) "being otherwise careless and negligent in the rendition of legal services to the Plaintiffs."
Jay also moved to dismiss the complaint, arguing that the complaint did not state a cause of action against him because it did not allege an attorney-client relationship with respect to the specific breach of duty alleged. Specifically, Jay argued that the complaint expressly stated that the Kates hired him to pursue collection of the consent judgment, and did not allege a breach of any duty which flowed from that engagement. Instead, the Kates sued him for negligence as a personal injury attorney in failing to pursue an action against the lessees, a job which he was never hired to do. With regard to the count charging breach of fiduciary duty, Jay asserted that it was merely duplicative of the negligence count.

III. Proceedings Below
The trial court entered orders granting all motions to dismiss, with prejudice. With regard to Robinson and Spence, Payne, the court rejected the argument that the lawsuit was barred by the statute of limitations, but dismissed the action on the basis that "it has not been sufficiently established that the Defendants' negligence was the proximate cause of the loss to the client." The court added that the consent judgment was entered nineteen months prior to the expiration of the statute of limitations, and the existence of the lessees was discovered five months prior to the expiration of the statute of limitations. The court concluded,
The instant complaint specifically alleges that a second attorney had notice of [a] possible claim against the Lessees, while there was still time to file suit and rectify any oversight of the Defendants. Therefore, the Defendants' negligence *64 was not the proximate cause of the loss. In that an essential element of a claim for legal malpractice has not been established, the complaint cannot withstand a motion to dismiss.
With regard to Jay, the court noted that, despite the fact that it was alleged that Jay was hired only to pursue collection of the judgment, the complaint stated, "that the Defendant owed a duty to the Plaintiff to exercise that level of skill and care which, is recognized as acceptable and appropriate by similar and reasonably care[ful] personal injury attorneys." The court concluded that the complaint failed to state a cause of action for legal malpractice because (1) it failed to allege any of the specifics of the alleged malpractice, other than Jay "carelessly and negligently failed to investigate," (2) it failed to allege that the damages were the proximate cause of Jay's negligence, and (3) it failed to allege what injury the Kates sustained as a result of the alleged breaches. The complaint against Jay was also dismissed with prejudice.
The Kates moved for rehearing on both orders, proposing amendments to the complaint which, they claimed, would remedy any defects. They attached proposed Third Amended Complaints. All defendants filed motions opposing the rehearing, and argued that the proposed Third Amended Complaints did not remedy the defects and still failed to state causes of action. The court denied the motion for rehearing, agreeing that the proposed Third Amended Complaint was identical to the Second Amended Complaint and contained the same fatal flaws.

IV. Analysis
A cause of action for legal malpractice has three elements: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence resulted in and was the proximate cause of loss to the client. See Tarleton v. Arnstein & Lehr, 719 So.2d 325, 328 (Fla. 4th DCA 1998). In this case, the Kates alleged that Robinson and Spence, Payne were hired to pursue a personal injury action, that they neglected to file suit against all of the potentially liable parties, that they failed to advise the Kates of the existence of the lessees and, that they advised the Kates that no other parties were liable for their damages and urged them to enter into a consent final judgment. Under Tarleton, the Kates have alleged a cause of action for legal malpractice against Spence, Payne and Robinson.
As to Jay, the complaint against him alleged that he was hired to pursue collection of the judgment, but breached the duty to exercise the level of care which is appropriate for personal injury attorneys. Jay's alleged breach of duty was failing to advise the Kates to sue the lessees and failing to investigate the facts and circumstances of the Kates' legal matter.
In stating a claim for legal malpractice, it is not sufficient merely to assert an attorney-client relationship. The plaintiff must also allege that a relationship existed between the parties with respect to the acts or omissions upon which the malpractice claim is based. See Maillard v. Dowdell, 528 So.2d 512 (Fla. 3d DCA), rev. denied, 539 So.2d 475 (1988)(complaint for legal malpractice properly dismissed because attorney was not hired to investigate separate litigation involving the property and notify the purchasers, only to represent the purchasers at the real estate closing); see also Lawyers Prof'l Liab. Ins. Co. v. McKenzie, 470 So.2d 752 (Fla. 3d DCA 1985)(plaintiff had to prove attorney was hired for the specific purpose of getting back property and not merely recovering money owed).
*65 We disagree with the Kates' contention that inherent in Jay's duty to collect the consent judgment against O.K. Shell Corp. is the duty to discover and collect from anyone else who might be liable for their damages. Likewise, we reject the argument that, in spite of the limited scope of Jay's employment, he nevertheless had a greater duty because he is a personal injury attorney. Under no interpretation of these facts can Jay be liable for failure to discover additional potential defendants when he was hired only to collect a judgment. The trial court correctly concluded that the complaint against Jay did not state a cause of action. Dismissal with prejudice was proper because no amount of amending will cure the defect in the complaint against Jay.
Thus, we affirm the dismissal of the Kates' complaint against Jay, and reverse the dismissal of the complaint against Robinson and Spence, Payne, and remand for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
GUNTHER, STONE and SHAHOOD, JJ., concur.
NOTES
[1] Although Appellees James D. Robinson and Spence, Payne, Masington & Needle, P.A., filed a notice of cross-appeal, the cross-appeal was never pursued and is therefore dismissed.