797 So.2d 30 (2001)
Donald McCARTY, Appellant,
v.
Michael L. BROWNING, an individual, and Browning, Sireci, Guller, Klitenick & Thompson, P.A., a professional association, Appellees.
No. 3D00-2733.
District Court of Appeal of Florida, Third District.
September 12, 2001.
Rehearing and Rehearing Denied October 31, 2001.
Michael R. Barnes (Key West), for appellant.
Cole White & Billbrough and G. Bart Billbrough, for appellees.
Before SCHWARTZ, C.J., and COPE and FLETCHER, JJ.
Rehearing and Rehearing En Banc Denied October 31, 2001.
FLETCHER, Judge.
Donald McCarty appeals from an adverse summary judgment on his legal malpractice claim against Michael Browning, individually, and the law firm of Browning, Sireci, Guller, Klitenick & Thompson, P.A. [together Browning]. We affirm.
In December, 1992, Browning handled for McCarty the closing for McCarty's purchase of a home. After the purchase (in 1996) McCarty was cited by Monroe County for having an illegal downstairs enclosure[1] on the property, which enclosure pre-existed McCarty's purchase. *31 McCarty, to bring the property into code compliance, removed the offending enclosure, then filed a legal malpractice claim against Browning, alleging negligence in handling the closing for Browning's failure to discover and disclose the existing code violation on the property.
First, the record shows that Browning did not enter into an attorney-client relationship with McCarty for the purpose of examining building permits or investigating the applicable zoning and land use regulations to ensure that the property was in code compliance. See Kates v. Robinson, 786 So.2d 61 (Fla. 4th DCA 2001)(in stating a claim for legal malpractice, it is not sufficient merely to assert an attorney-client relationship, but to also allege that the relationship existed with respect to the acts or omissions upon which the malpractice claim is based). Instead, the record shows that Browning represented at the closing Barnett Bank, the lender, and assisted McCarty's interest at the closing only so far as preparing and reviewing loan documents, receiving and disbursing funds provided by Barnett Bank, and overseeing the actual closing transaction.
Second, McCarty's complaint alleges that Browning "knew or should have known" of the pre-existing code violation and thus had a duty to advise McCarty thereof. While it is correct that an attorney has a duty to advise the client of legal problems not within the scope of the task the attorney was retained to perform, but of which the attorney becomes aware, see Maillard v. Dowdell, 528 So.2d 512 (Fla. 3d DCA 1988), here the record reflects that Browning was not aware of the code violation. McCarty's allegation that Browning "should have known" of the violation is insufficient to allege a duty on Browning. If we were to hold to the contrary attorneys would be required not only to perform the services for which they were retained, but would be required for self-protection to unilaterally expand that task to investigate and analyze every issue conceivably related thereto. This unreasonable "duty" we decline to recognize or create.
Affirmed.
NOTES
[1] Which enclosure had created a ground level living area, thus increasing the home's "useful" square footage.