PER CURIAM.
This is an appeal from an order granting final summary judgment in favor of the defendants, Norman Malinski, Esq. and Norman Malinski, P.A. (collectively referred to as “Malinski”) in a legal malpractice suit. For the reasons that follow, we affirm in part, reverse in part and remand for further proceedings.
JLF Enterprises, Inc. (“JLF”), a Florida corporation, and Joseph L. Friedes and Monica Friedes, individually, sued Malinski for legal malpractice and breach of fiduciary duty arising from Malinski’s representation of JLF in a construction defect case. In that case, the Phillips, individually and as representatives of a class of homeowners, sued JLF and the other partners of a general partnership known as The Preserve at Chapel Trail (“The Preserve”), for defects in the construction of their home. The Friedes were the sole shareholders, directors and officers of JLF. Malinski represented The Preserve as well as its general partners. Following a two-week trial, the jury returned a verdict for the plaintiffs in the amount of $494,000. The court entered a final money judgment in that amount against JLF and the Friedes, jointly and severally. The Fourth District Court of Appeal affirmed the judgment without opinion. See The Preserve at Chapel Trail v. Phillips, 731 So.2d 675 (Fla. 4th DCA 1999).
Following the Fourth District’s affir-mance, the Phillips plaintiffs instituted supplementary proceedings pursuant to section 56.229, Florida Statutes (1999), against the Friedes personally and sued to set aside the transfers of assets and/or profits that JLF gave to the Friedes during the pendency of the construction defect case. Subsequently, JLF and the Friedes settled for $75,000 and an assignment to the Phillips plaintiffs of a portion of the proceeds of any recovery that JLF and the Friedes received from a legal malpractice suit against Malinski. Following the settlement, JLF and the Friedes filed this suit.
Malinski answered the malpractice claims, and raised several affirmative defenses. He then moved for summary judgment asserting, among other things, that there was no attorney client relation *336 ship between Malinski and JLF, or Malin-ski and the Friedes. The trial court granted summary judgment “on all bases.”
On appeal, JLF and the Friedes claim that summary judgment was improper because their claims were never negated, refuted or disproved. Malinski counters by again arguing that no attorney-client relationship existed between JLF, the Friedes and himself. Malinski also argues that the assignment of proceeds was eham-pertous.
The record shows that in the original Phillips case, Malinski entered an appearance on behalf of all of the defendants, including the general partnership and the individual partners named in the complaint. Malinski, however, filed pleadings solely on JLF’s behalf. Thus, it is clear that Malinski represented JLF and the general partnership.[1] It is equally clear that Malinski did not represent the Frie-des individually in the Phillips case. Accordingly, there was not an attorney-client relationship upon which the Friedes’ claims can stand. See McCarty v. Browning, 797 So.2d 30 (Fla. 3d DCA 2001).
Finally, we find no merit to Malinski’s claims that the assignment of proceeds was champertous or impermissibly assigned to third parties. We, therefore, reverse the final summary judgment to the extent that it found otherwise.
The final summary judgment is affirmed as to the individual claims of the Friedes, but reversed as to JLF and remanded for further proceedings.
Affirmed in part. Reversed in part.

. Malinski’s reliance on Chaiken v. Lewis, 754 So.2d 118 (Fla. 3d DCA 2000), is misplaced. Chaiken was a transactional case that has no application to the facts presented here.