HAZOURI, J.
This is an action for professional negligence brought by plaintiff George Kates against attorney James D. Robinson and the Law Firm of Spence, Payne, Masing-ton & Needle (Spence, Payne) which resulted in a judgment in the amount of $485,000.00 against Robinson and Spence, Payne following a jury trial. Robinson and Spence, Payne appeal the Final Judgment. We affirm.
This is the second appearance of this matter before this court. See Kates v. Robinson, 786 So.2d 61 (Fla. 4th DCA 2001). In the first appeal, the trial court dismissed with prejudice the cases against Robinson and Spence, Payne for legal malpractice. We reversed this dismissal and remanded for further proceedings, which thereafter resulted in a jury trial and the Final Judgment which is the subject of this appeal.
The allegations against Robinson and Spence, Payne were that they represented Kates in a personal injury action in which Kates sought damages for injuries sustained when he was assaulted and brutally beaten at a Shell gas station where he was obtaining gas. On behalf of Kates, *1158 Spence, Payne[1] filed suit against O.K. Shell Corp., a Florida corporation, and Shell Oil Company, a Delaware corporation. A change in the law,[2] which limited the liability of gasoline franchisors to third parties injured at gas station sites, prompted Spence, Payne to advise Kates that he would not recover a money judgment against Shell Oil Company. Because O.K. Shell Corp. had no assets, Spence, Payne decided not to invest additional money and time in this lawsuit. They advised Kates that no other parties were liable for his damages and recommended that Kates enter into a consent final judgment with O.K. Shell Corp. in the amount of $1,000,000.00. Based on that advice, Kates entered into a consent judgment with O.K. Shell Corp. Subsequent to the entry of the consent final judgment, Kates was advised that nothing more could be done.
Thereafter, Kates hired attorney Scott Jay to pursue collection of the consent judgment. In the course of his employment, Jay obtained Spence, Payne’s file from the personal injury action. The file contained a motor fuel station lease. It was alleged at this time that Jay and Kates first learned, that at the time of the assault, the gas station was leased to a partnership comprised of A. Alonso and J. Acosta (the lessees), parties who had not been joined in the personal injury action. It was further alleged by Kates that had he known of the existence of the lessees, he would not have entered into a consent final judgment. It was further asserted that had Spence, Payne joined the lessees in the lawsuit, Kates could have collected monies from them, either through a settlement or judgment. See Kates, 786 So.2d at 63.
The crux of Robinson and Spence, Payne’s appeal is the assertions that the trial court erred in failing to instruct the jury that only the possessor of the premises, in this case the gas station, had any duty to use reasonable care to prevent the attack on Kates and that the trial court erred by prohibiting their standard of care expert from testifying that the ease law in Florida limits responsibility to exercise reasonable care in premises liability cases to the persons or entity in actual possession and control of the premises.
During the course of the two-week jury trial, testimony was presented by both sides as to whether the conduct of Robinson and Spence, Payne fell below the standard of care for attorneys practicing in the area of personal injury. The standard of care witness called by the plaintiff opined that the defendants were negligent in failing to sue Alonso and Acosta because there was evidence to support that Alonso and Acosta were operating the gas station as a partnership and that they were in actual possession and control of the gas station or had the right to control the gas station. Therefore, the failure to sue Al-onso and Acosta, as the only solvent parties, prevented Kates from making a recovery for his injuries.
The defendants’ standard of care expert testified that in his opinion the defendants did not deviate from the accepted standard of care for personal injury attorneys handling such cases and that their failure to sue Alonso and Acosta did not fall below the standard of care. The defendants were prohibited from eliciting from their standard of care expert what “the law” was on the issue of actual possession and control or right to control as it relates to *1159 the duty of care in a premises liability case.
There was conflicting testimony presented as to whether Alonso and Acosta were in actual possession and control of the gas station at the time of the attack and conflicting testimony as to whether, even if Alonso and Acosta did not have actual possession and control, they had the right to control the premises at the time of the attack.
The defendants’ entire basis for relief in this matter is the faulty premise that all of the evidence showed that the station was in the exclusive possession and control of O.K. Shell Corp. The defendants reason that had the trial court instructed the jury that the law in premises liability cases requires that in order to be held responsible for the attack persons or entities had to be in actual possession and control of the gas station, they would have been entitled to a directed verdict or a judgment notwithstanding the verdict. The defendants further argue that limitations placed on their standard of care expert witness further prejudiced their ability to defend allegations of legal malpractice. We disagree.
We need not address the issue of whether the persons or entity must be in actual possession and control of the premises in order to create a duty to use reasonable care, because the jury verdict reflects in answer to interrogatories[3] that the jury rejected the defendants’ evidence that O.K. Shell Corp. was in actual possession and control of the gas station. In answering questions 2, 3, and 4, the jury found that Alonso and Acosta were in actual possession and control of the gas station at the time of the attack because the only other possible possessor, O.K. Shell Corp., was excluded. Therefore, even if it was error for the trial court to fail to instruct the jury as requested by the defendants, it is harmless error. Likewise, prohibiting the defendants’ standard of care expert to opine as to what the “case law” is on the premises liability issue, if error, is also harmless error. We, therefore, affirm the jury verdict and the Final Judgment.
AFFIRMED.
WARNER and POLEN, JJ., concur.

. James D. Robinson was an associate in the law firm of Spence, Payne, Masington & Needle.

. Mobil Oil Corp. v. Bransford, 648 So.2d 119 (Fla.1995).

. Verdict Form
Part I
[[Image here]]
2) Did OK Shell Corp. have a right to, or was in possession and control of the Shell Gas Station located at 6120 Northwest 27th Avenue, Miami, Florida on December 28, 1992.
YES _ NO _
Please answer question 3.
3) Did Amancio Alonso and Juan Acosta, Sr. have a right to, or were in possession and control of the Shell Gas Station located at 6120 Northwest 27th Avenue, Miami, Florida on December 28, 1992?
YES _ NO _
If your answer to question number 3 is no, your verdict is for the Defendants, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question number 3 is yes, please answer question number 4.
4)State the percent of negligence which you attribute to each of the following: OKAY Shell Service, a partnership composed of A. Alonso and J. Acosta 100 %
Ok Shell Corp.
_%
TOTAL

-%

(For any answer of "NO” to question 2 or 3 place a zero as to that person or entity in answering question 4)